Porto Rico Railway, Light and Power Company, Peticio-
naria, v. Hon. Luis Campillo, Juez de la Corte de Dis-
trito de San Juan, Sección Primera, Demandado.

Solicitud para que se expida mandamiento de *certiorari* al
Juez de la Corte de Distrito de San Juan, Sección Pri-
mera, en un pleito sobre daños y perjuicios.

No. 306.—Resuelto en diciembre 21, 1920.

Apertura de Rebeldía—Demanda Enmendada—Permiso de la Corte.—Una vez
que el demandado ha contestado, el demandante sólo puede enmendar su de-
manda con permiso de la corte. Si la demanda se enmendara en tal caso
sin permiso y el demandado dejara de contestarla y el secretario anotara su
rebeldía, procede declarar con lugar la moción del demandado solicitando la
apertura de la rebeldía.

Los hechos están expresados en la opinión.

Abogados de la peticionaria: *Sres. P. Amado Rivera* y
*J. H. Brown.*

El juez demandado no compareció.

Abogado del interventor: *Sr. E. López Tizol.*

El Juez Asociado Sr. del Toro, emitió la opinión del
tribunal.

Eduardo Conde demandó a The Porto Rico Railway,
Light and Power Company en reclamación de daños y perju-
icios. La demanda se archivó en la Secretaría de la Corte
de Distrito de San Juan, Sección Segunda, el 11 de enero de
1916. El 22 del propio enero contestó la demandada. Así
permaneció el pleito hasta que cerca de dos años después,
el 15 de octubre de 1917, la parte demandada solicitó que se
desestimara la demanda por abandono del actor. La moción
fué declarada sin lugar el 25 de octubre de 1917, ''debiendo
el demandante solicitar, en el más breve término posible, el
señalamiento de la vista en el presente caso, sin lo cual, ha-
brá de considerársele como desistido de la continuación del
mismo.''

Así las cosas, el demandante pidió el traslado del pleito
a la sección primera de la misma corte y el 14 de marzo de
1918 archivó una demanda enmendada que aparece notificada

988   P. R. Ry., Lt. & P. Co. v. Hon Luis Campillo, Juez.   [Vol. 28, D. P. R.

a la demandada.   Para el dicho archivo no solicitó el permiso de la corte.   Y el pleito quedó otra vez paralizado por más de un año.

El 3 de abril de 1919 el demandante solicitó del secretario del tribunal la anotación de rebeldía de la demandada y así lo hizo dicho funcionario en septiembre 2, 1919.

Otro año transcurrió y el 13 de septiembre de 1920 aparecen radicadas tres mociones: dos de la demandada, una solicitando la desestimación de la demanda por abandono por no haberse cumplido por el demandante la condición que se le impuso por la orden de octubre 25, 1917, y la otra solicitando la eliminación de la demanda enmendada y que se dejara sin efecto la rebeldía anotada.   La tercera moción la presentó el demandante pidiendo la inclusión del pleito en el calendario para juicio.

La corte oyó a ambas partes y el 6 de octubre de 1920 resolvió las dos mociones de la demandada, así:

"A la moción solicitando la desestimación de la demanda, la corte la declara sin lugar, por aparecer de los autos que en 14 de marzo de 1918, se presentó una demanda enmendada y en 30 de julio de 1919, se le anotó la rebeldía.

"A la moción solicitando la eliminación de la demanda enmendada y que se deje sin efecto la rebeldía, no ha lugar a virtud de haber sido consentida la presentación de la demanda enmendada por la demandada, y en cuanto a la apertura de la rebeldía, se declara sin lugar por no aducirse razones en las que la corte pueda fundar su discreción."

La demandada entonces solicitó y obtuvo de esta Corte la expedición del presente auto de *certiorari*.   A nuestro juicio las circunstancias son tales que la corte debió claramente haber ejercitado su discreción en el sentido de ordenar la apertura de la rebeldía.

La notificación a la demandada de la demanda enmendada consta en la propia demanda enmendada así:

"Notificado con copia, hoy 14 de marzo, 1918.—J. H. Brown. P. A. Rivera, Abogado de la demandada."

No consta que se notificara a la demandada que se presentaría moción solicitando permiso para archivar la demanda enmendada ni aparece en parte alguna de los autos que tal permiso fuera concedido.

Según el artículo 139 del Código de Enjuiciamiento Civil cualquier alegación podrá enmendarse una vez por la parte que la haya presentado sin costas, en cualquier tiempo *antes de presentarse la contestación o excepciones previas, o después de éstas y antes de juzgarse la cuestión de derecho planteada por la alegación que ha de enmendarse,* lo cual se hará presentando la enmendada y entregando copia de la misma a la parte contraria, quien tendrá diez días contados desde la entrega para contestar o formular excepción previa contra la alegación enmendada. Y según el siguiente artículo 140, la corte en bien de la justicia podrá permitir enmiendas en los casos que en el mismo se expresan.

Parece que el demandante y la corte de distrito estimaron que era aplicable a este caso el artículo 139. Y no lo es, porque aquí había ya contestado la demandada y sólo se podía enmendar la demanda con permiso de la corte y no habiéndose concedido tal permiso, ni constando siquiera que se hubiera solicitado, la demanda enmendada figuraba en los autos sin la debida autoridad y no podía, por tanto, perjudicar a la demandada. Véase el caso de *Martínez* v. *Sucesión Arocena,* 23 D. P. R. 371.

Por virtud de lo expuesto opinamos que debe anularse la orden de que se queja la peticionaria en cuanto negó la apertura de la rebeldía y devolverse el pleito para ulteriores procedimientos no inconsistentes con esta opinión.

> *Anulada la orden que denegó la apertura de la rebeldía y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.