THE TOPEKA FLOUR MILLS Co., peticionaria, *v.* CORTE DE DISTRITO DE PONCE, HON. ANGEL ACOSTA QUINTERO, JUEZ, demandado.

No. 516.—*Visto:* Mayo 24, 1926. *Resuelto:* Junio 24, 1926.

CERTIORARI—RESOLUCIONES Y ORDENES DE TRIBUNALES INFERIORES—PERMISO PARA RADICAR DEMANDA ENMENDADA—CONCESIÓN O NEGATIVA.—Cuando existe una contestación a la demanda, el conceder o negar permiso para radicar una demanda enmendada es cuestión discrecional en el tribunal en la que no se puede intervenir por *certiorari*.

CERTIORARI para revisar RESOLUCIÓN de *A. Acosta Quintero, J.* (Ponce), negando permiso para radicar una demanda enmendada. *Desestimada la solicitud y anulado el auto expedido.*

*Harry F. Besosa,* abogado de la peticionaria; *López de Tord & Zayas Pizarro,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un recurso de *certiorari* para que revisemos la resolución que dictó la corte inferior en abril 21, 1926, y cuya parte dispositiva es como sigue:

"La Corte visto el Art. 139 y 140 del Código de Enj. Civil, niega el permiso solicitado por la demandante para radicar una demanda enmendada, dado el tiempo transcurrido, la contestación radicada, y distintos señalamientos o vistas en juicio del presente pleito, suspendido a petición del demandante, y estado en que se encuentra este pleito listo para juicio, pues la Corte entiende que de acceder a dicha petición sería abusar de su discreción y perjudicar los derechos de la demandada, lo que no le es lícito y queda por tanto subsistente la fecha del 24 de Mayo próximo, para la vista en juicio del presente caso."

La moción del demandante peticionario se fundó en el artículo 139 del Código de Enjuiciamiento Civil, que en lo pertinente dice:

"Art. 139.—Cualquier alegación podrá enmendarse una vez por la parte que la haya presentado sin costas, en cualquier tiempo antes de presentarse la contestación o excepciones previas, o después de éstas y antes de juzgarse la cuestión de derecho planteada por la alegación que ha de enmendarse, lo cual se hará presentando la en-

mendada y entregando copia de la misma a la parte contraria, quien tendrá diez días contados desde la entrega para contestar o formular excepción previa contra la alegación enmendada. . . . .''

La lectura del texto en inglés es clara en sus términos. Su versión al español es la que puede prestarse a cierta ambigüedad en su interpretación. La edición en español de la Compilación de 1911, pág. 864, llama la atención sobre ese punto, pues refiriéndose a dicho artículo 139 (sec. 5123) contiene la siguiente nota:

"El texto inglés dice: '*or after demurrer and before the trial of the issue of law thereon,*' (o después de las excepciones y antes de juzgarse la cuestión de derecho planteada por las mismas,).''

Y esta Corte Suprema en el caso de *Martínez v. Sucesión Arocena,* 23 D.P.R. 371, define el verdadero sentido de dicho precepto, diciendo:

"Un examen descuidado de este artículo del código según está redactado en castellano, podría inducir a una parte a creer que tenía derecho a enmendar por su propia moción después de formulada la contestación, debido a la referencia algo ambigua a la palabra *éstas,* que podría considerarse como aplicable tanto a las palabras *contestación* como a las *excepciones previas.* Sin embargo, gramaticalmente, la palabra *éstas* se refiere estrictamente a las *excepciones previas*, y esa interpretación también sería la única natural y lógica. Una parte puede enmendar su demanda antes de la contestación o excepciones previas. También puede enmendar su demanda después de formuladas las excepciones previas, pero no después de dictada resolución sobre dichas excepciones. Hasta que la cuestión no haya quedado sometida a la corte el demandante tiene dominio sobre su alegación. Después que una cuestión de ley ha sido sometida a la corte, la enmienda debe hacerse con permiso de la corte, la que casi invariablemente se concede después de declarada con lugar una excepción previa. Pero cualquier duda que exista desaparece al examinar el texto inglés, el cual es como sigue:
'*'Any pleading may be amended once by the party of course, and without costs, at any time before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing, etc.*''

Más luego, en el caso de *Porto Rico Railway, Light and*

*Power Co. v. Luis Campillo,* 28 D.P.R. 987, se declara asimismo que una vez que el demandado ha contestado sólo puede enmendar su demanda con permiso de la corte.

El art. 139 corresponde, además, al 472 del Código de Enjuiciamiento Civil de California, y en el caso de *Tingley v. Times Mirror,* 151 Cal. 1, la Corte Suprema de California, interpretando el mismo artículo, se expresa así:

"La verdadera construcción de esa sección es que el derecho del demandante a enmendar su demanda como cuestión de derecho se extiende solamente hasta que el demandado radica su contestación, o si el demandado interpone una excepción previa, solamente mientras esté sin resolverse la cuestión de derecho así levantada. Si el demandado contesta sin excepcionar la demanda o si su excepción previa a la demanda es declarada sin lugar, el demandante pierde bajo esta sección el derecho de enmendar la demanda como cuestión de derecho."

Parece claro que existiendo una contestación en este caso, la cuestión sometida no es una de procedimiento sino de discreción que fué resuelta por el juez inferior y en la que no podemos intervenir por *certiorari.* La jurisprudencia es tan abundante y repetida en sentido de que por *certiorari* sólo podemos revisar errores de procedimiento o cuestiones de jurisdicción, que no es necesario que sigamos considerando el asunto.

*Por todo lo expuesto, debe desestimarse la petición y anularse el auto.*