FRADERA, DEMANDANTE Y APELADO, *v.* MORALES ET AL., DEMANDADOS, Y APELANTES EL PRIMERO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 997.—Resuelto en diciembre 2, 1913.

CORTES DE DISTRITO—APELACIONES PROCEDENTES DE LAS CORTES MUNICIPALES—SENTENCIAS DEFINITIVAS.—La sentencia dictada por una corte municipal que tiene por objeto poner término al pleito y que contiene las palabras "sin especial condenación de costas" constituye una sentencia definitiva para los efectos de conferir jurisdicción en grado de apelación a la corte de distrito correspondiente.

CORTES DE DISTRITO—APELACIONES PROCEDENTES DE LAS CORTES MUNICIPALES—JUICIOS "DE NOVO."—Apelada una sentencia dictada por una corte municipal para ante la corte de distrito correspondiente, ésta debe de proceder a celebrar el juicio "de novo," de acuerdo con la ley de marzo 11, 1908, página 124,

y cuando, como en el caso de autos, se declara sin lugar por la corte de distrito una excepción previa a la demanda formulada en la corte municipal, debe de exigir al demandado que conteste la demanda y no devolver el caso a la corte municipal para ulteriores procedimientos, sobre todo teniendo en cuenta que de acuerdo con la sección 4 de dicha ley, únicamente la sentencia que dicte la corte de distrito es la que ha de remitir a la corte municipal para su ejecución en esta última.

DESESTIMACIÓN DE APELACIÓN—APELACIONES EN CASOS ORIGINADOS EN LAS CORTES MUNICIPALES—SENTENCIAS DEFINITIVAS.—La resolución dictada por una corte de distrito en grado de apelación en un caso procedente de una corte municipal, desestimando una excepción previa a la demanda y devolviendo el caso a la corte inferior, para ulteriores procedimientos, no constituye una sentencia definitiva apelable para ante esta Corte Suprema, y una apelación interpuesta contra tal resolución debe ser desestimada por esta corte por falta de jurisdicción.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Luis Montalvo Guenard.*

Abogado del apelante: *Sr. Benito Forés.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Victoria Fradera presentó una demanda en la Corte Municipal de San Germán sobre nulidad de venta, adjudicación de bienes y otros extremos. El demandado formuló excepciones previas a la referida demanda que fueron declaradas con lugar por la corte. Apelado el caso a la corte distrito presentó el demandado una moción para que se desestimara la apelación por el fundamento de que la corte no había dictado sentencia definitiva sobre las excepciones previas. El demandante entonces archivó en la corte de distrito una copia certificada de la sentencia que había dictado la corte municipal, cuya moción fué declarada sin lugar por la corte después de considerar dicha sentencia.

El demandado ha interpuesto recurso de apelación para ante esta corte y alega que la referida sentencia de la corte municipal no es definitiva, puesto que no se hizo ningún pronunciamiento sobre costas. La supuesta resolución de la corte municipal tuvo por objeto poner término al caso y contenía además las palabras ''sin especial condenación de costas.'' Esta fué una sentencia suficiente para conferir juris-

dicción a la corte de distrito en una apelación procedente de la corte municipal.

Además, la Corte de Distrito de Mayagüez después de declarar sin lugar la moción presentada para desestimar la apelación, pasó a considerar la excepción previa que se formuló en la corte municipal, la que desestimó, pero en vez de ordenar al demandado que formulara su contestación devolvió el caso a dicha corte municipal para que se siguieran los procedimientos. En una apelación contra sentencia dictada por la corte municipal, la corte de distrito adquiere jurisdicción y deberá proceder a dictar sentencia definitiva. El juicio ante la corte de distrito es *de novo.* La corte municipal ha perdido su jurisdicción y todos los demás procedimientos deben tener lugar ante la corte de distrito.

En relación con esto debemos citar la ley de marzo 11, 1908, Leyes de la Sesión de 1908, página 124, a saber:

"Sección 3.—La corte de distrito anotará la causa en el calendario o lista de señalamientos de pleitos civiles que hayan de verse oportunamente, conforme a las disposiciones de la ley y al reglamento judicial para el regimen del calendario. Al anunciarse la vista de la apelación el tribunal, a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado. Resueltas que fueren estas cuestiones, se procederá a la vista de la causa, a menos que la corte estimare que la demanda o contestación está sujeta a excepción previa, y en tal caso, la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda o contestación. Una vez dispuesto el pleito para la vista, se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito. Si el demandante dejare de comparecer ante la corte de distrito, ésta desestimará la demanda por abandono de acción, y dictará sentencia a favor del demandado, imponiendo las costas al demandante."

"Sección 4.—El secretario de dicha corte de distrito remitirá copia certificada de la sentencia a la corte municipal contra la cual se hubiere interpuesto recurso de apelación. De allí en adelante toda la tramitación para hacer efectiva la sentencia se llevará en la corte municipal, como si dicha sentencia hubiere originado en ella."

Este tribunal al considerar una apelación interpuesta en causa criminal, *El Pueblo* v. *Laviosa,* 13 D. P. R., 210, se expresó en los siguientes términos:

"En el caso de que se trata, el tribunal de distrito, al igual de lo que a las mismas cortes ha sucedido en otros casos, parece haber tenido un concepto equivocado de sus funciones, y haberse considerado como una corte de revisión y apelación, es decir, dicho tribunal parece haber creído que tenía autoridad y que le incumbía examinar, revisar o corregir, y luego revocar o confirmar las sentencias de los tribunales inferiores, o sean las cortes municipales y juzgados de paz   Tales no son las atribuciones del tribunal de distrito en casos de esta índole. Está bien establecido por la ley, que en tales casos la corte de distrito debe proceder a juzgar la causa nuevamente, sin hacer caso del juicio celebrado ni de la prueba practicada en la corte municipal."

Y en el caso de *Matos Hnos.· & Ca.* v. *Ortiz,* (pág. 77), dijimos:

"Aunque es cierto según alega el apelante que las cortes municipales tienen jurisdicción para resolver casos en que la suma envuelta es menor de $500, y que esa jurisdicción no es concurrente, sin embargo, como en el presente caso la corte municipal de Yauco había resuelto que la sociedad demandante no tenía ninguna reclamación que hacer con arreglo a la ley, el único remedio que le quedaba a dicho demandante era el de la apelación, y según la ley que regula las apelaciones de las cortes municipales a las de distrito en asuntos civiles, el caso debía celebrarse de nuevo en dicha corte de distrito." La corte de distrito adquirió jurisdicción sobre todo el caso y tenía facultades para proceder precisamente del mismo modo que hubiera procedido la corte municipal en el pleito original.  Por tanto, al desestimar la corte la excepción previa tenía facultad para obligar al demandado a presentar su contestación, como lo hizo en definitiva."

Este razonamiento es aplicable al caso de autos, pero el estatuto resulta aún más claro, puesto que no solamente prescribe que el juicio sea *de novo,* sino que se regirá por todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito.  La única sentencia que se remitirá a la corte muni-

cipal de acuerdo con la sección 4ª., es la sentencia definitiva que dicte la corte de distrito y que ha de ejecutarse en la corte municipal como si fuera dictada por esta última corte.

No habiendo procedido en realidad la corte de distrito a dictar sentencia definitiva sino a enviar nuevamente el caso a la corte municipal, no puede estimarse que exista una sentencia final contra la cual pueda interponerse válidamente recurso de apelación para ante esta Corte Suprema. En tal virtud, careciendo de jurisdicción esta corte, debe desestimarse el recurso establecido, y devolverse el caso a la corte de distrito para ulteriores procedimientos.

Debe desestimarse la apelación.

> *Desestimada la apelación por falta de jurisdicción y devuelto el caso a la corte de distrito para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.