Morales, Demandante y Apelado *v.* Caraballo, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre indemnización de daños y perjuicios.

No. 1915.—Resuelto en junio 28, 1919.

Daños y Perjuicios—Automóviles de Servicio Público.—El dueño de un automóvil de carga (*truck*) destinado al servicio público, es el dueño de una empresa dentro el alcance del artículo 1804 del Código Civil que le hace responsable de los daños causados por sus empleados cuando actúen dentro de sus facultades como tales.

Evidencia Sobre el Estado del Guía con Anterioridad al Accidente—Prueba de Negligencia.—El hecho de que con anterioridad a la fecha del accidente el *truck* no respondía fielmente al guía, era pertinente a la controversia respecto de la negligencia como materia necesariamente dentro del conocimiento del *chauffeur* del demandado y que le imponía el deber de ejercitar un grado mayor de cuidado.

Excepciones Tardíamente Levantadas Sobre Pruebas de Daños.—Si bien los gastos de alquiler de automóviles usados por el demandante a causa de las averías sufridas por el suyo propio con motivo del accidente, así como el alquiler del garage donde se vió precisado el demandante a guardarlo no constituyen una apropiada medida de daños y perjuicios, sin embargo, no habiéndose objetado en la corte inferior dichas alegaciones ni las pruebas aducidas en apoyo de las mismas ni tampoco los *findings* de la corte y habiéndose por otra parte probado que el valor del automóvil era $1,200 a la fecha del choque y que los restos del mismo después del choque valdrían cosa de dos o trescientos pesos, no procede reducir en apelación la cuantía de una sentencia de $800 por daños y perjuicios.

Discreción Judicial—Costas, Desembolsos y Honorarios de Abogado.—Siendo discrecional la concesión de costas, desembolsos y honorarios de abogados, es preciso que se demuestre abuso de discreción para que las cortes de apelación intervengan en tal concesión.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Lorenzo Jiménez García y Henry G. Molina.*

Abogados del apelado: *Sres. Joaquín Vendrell y Francisco González.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Ventura Caraballo apeló de una sentencia por la suma de $800, a que se le condena por daños causados por la negligencia de su *chauffeur.*

A la corte de distrito se le imputan los siguientes errores:

*Primero,* al estimar que la demanda aduce hechos suficientes a constituir una causa de acción.

*Segundo,* al declarar sin lugar una moción de sobreseimiento (*non-suit*) presentada por el demandado.

*Tercero,* al negar la eliminación de la declaración de un testigo en lo relativo al estado del guía (*steering-wheel*) del *truck* del demandado.

*Cuarto,* al estimar probado que el choque ocurrió por venir el *truck* manejado en forma descuidada y negligente.

*Quinto,* al estimar probado que el *truck* era de medio uso y que tenía el guía en malas condiciones.

*Sexto,* que los daños y perjuicios sufridos por el demandante a consecuencia del choque ascienden a $800.

*Séptimo,* al no estimar que el choque fué debido al desvío que experimentó el *truck* a consecuencia del golpe que le dió un carro Ford, y

*Octavo,* al condenar al demandado al pago de costas, desembolsos y honorarios de abogado.

El artículo 1 de la Ley No. 75 para reglamentar el uso de vehículos de motor, (aprobada en 13 de abril de 1916, p. 144), define el concepto de "*chauffeur*", por la persona a quien se pagare por manejar un vehículo de motor, y dispone que el término "automovil" incluirá todo vehículo de motor, excepto motocicletas y máquinas de tracción. El artículo 17 (p. 155) de la propia ley hace responsable al dueño de cualquier vehículo de motor de los daños causados por la negli-

gencia del conductor o *chauffeur* mientras dicho dueño estuviere en el vehículo.

La teoría en que se funda el primer motivo de este recurso es la de que el demandante debió haber alegado que el demandado estaba en el vehículo en el momento del choque o colisión. Pero creemos que él artículo 17 de la ley es sencillamente complementario de los párrafos que le preceden y especialmente del artículo 15, que reza como sigue:

"Siempre que el manejo de un automóvil de servicio público ocasione un accidente, toda persona que tuviere una reclamación nacida de dicho accidente, podrá presentar una declaración jurada de los hechos constitutivos del accidente al Comisionado del Interior. El Comisionado del Interior examinará esta declaración jurada, y si, a su juicio, las circunstancias lo justificaran, registrará dicha declaración, anotando como antecedente en contra del automóvil, en un libro que será llevado al efecto, una breve relación de la reclamación. Esta inscripción surtirá el efecto de un gravamen sobre el automóvil por el término de treinta días, y dentro de dicho tiempo podrá hacerse permanente, entablando una acción ante una corte de jurisdicción competente, contra la persona o personas responsables del accidente, obteniendo un mandamiento de embargo contra el automóvil y presentando una copia certificada del mismo al Comisionado del Interior, quien la inscribirá en la forma ante dicha. La inscripción así hecha será válida hasta que fuere cancelada por el Comisionado del Interior por virtud de orden de una corte. Dichas inscripciones harán responsable, para con la persona lesionada, a la persona por cuya cuenta se manejaba el vehículo de motor, por el montante de los daños causados, y estarán abiertas a la inspección del público. Si la persona que entablare la acción obtuviere una sentencia favorable, podrá expedirse a su favor un mandamiento de ejecución contra el automóvil el cual será válido contra la persona por cuya cuenta se manejaba el vehículo y contra todas las partes cuyo interés en el mismo sea posterior a la fecha de la presentación del primer aviso del accidente al Comisionado del Interior; *Disponiéndose,* que cualquier persona afectada por dicha notificación de embargo, podrá librar el automóvil de los efectos de la misma, mediante la prestación de una fianza por la suma que se fijare por el Comisionado del Interior en caso de que no se hubiere decretado embargo; y en caso que se hubiere dictado orden de embargo por

una corte, por el montante de la suma reclamada en el pleito. Ninguna de las disposiciones de este artículo será aplicable a personas por cuenta de las cuales se maneje un vehículo de motor de servicio público, bajo franquicia concedida por el Consejo Ejecutivo, de acuerdo con las disposiciones de la ley reglamentando la concesión de franquicias cuando fuere condición de dicha franquicia la constitución de fianza por una cantidad no menor del valor de cada automóvil en explotación por virtud de la misma.''

Y en la demanda, entre otras cosas, se alega:

''Que el automóvil de carga No. B–374, está destinado al servicio público, es de la propiedad del demandado Ventura Caraballo y el *chauffeur* o conductor del mismo, Santiago Marrero, es en la actualidad, y lo era en la fecha en que se le ocasionaron los daños al automóvil del demandante, un empleado del demandado Ventura Caraballo.''

También se alega que el demandante ha cumplido con los requisitos exigidos por la ley de 13 de abril de 1916.

No queremos que se entienda que declaramos que el artículo 15 de la ley regulando el manejo de vehículos de motor haya creado alguna nueva responsabilidad. No es más que el reconocimiento legislativo de la distinción que hizo esta corte en el caso de *Vélez* v. *Llavina,* 18 D. P. R. 656, entre un carro particular y una máquina al servicio público. El dueño de un automovil de carga (*truck*) destinado al servicio público es el dueño de una empresa dentro del alcance del artículo 1804 del Código Civil, que por los términos de ese artículo es responsable de los daños causados por sus empleados cuando actúen dentro de sus facultades como tal empleado.

Si se lee cuidadosamente toda la prueba a la luz del segundo, cuarto y séptimo motivos de este recurso se verá que no existe aquel manifiesto error que se requiere para que se pueda revocar la sentencia apelada.

El tercer y quinto motivos de error pueden considerarse conjuntamente. Adrián Carmona declaró, sin oposición alguna, que con anterioridad a la fecha del accidente había

hecho varios viajes a San Juan en el *truck* del demandado y que el guía del mismo estaba tan defectuoso que para dar una curva era, cuando menos, preciso dar dos vueltas a la rueda. La moción para eliminar esta declaración se basaba solamente en el fundamento de que la misma no demostraba el estado en que estaba el guía a la fecha del accidente, y no se dió ninguna otra razón a la excepción tomada contra la actuación de la corte. La ley presume ''que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran las cosas de igual naturaleza. Art. 102, inciso 31 de la Ley de Evidencia. El hecho de que el *truck* no respondía en seguida al guía era pertinente a la controversia respecto de la negligencia como una materia necesariamente dentro del conocimiento del *chauffeur* del demandado y que le imponía el deber de ejercitar un grado mayor de cuidado del que se le exigiría a un conductor que con un pequeño movimiento pudiera haber obtenido el mismo resultado que para manejar el carro del demandado se requería para dar una vuelta completa de la rueda. La incongruencia, si la hubo, no es esencial.

La corte sentenciadora estimó que ''los desperfectos sufridos por el carro del demandante le han dejado en condición de no poder ser utilizado a menos que se le practiquen costosas reparaciones; que el demandante es un comerciante con residencia en Aguas Buenas, y tiene que realizar y ha realizado, desde octubre de 1917 hasta la fecha en que se celebró el juicio, viajes a San Juan una vez por semana cuando menos, y con este motivo ha tenido que gastar en automóviles de alquiler una cantidad no menor de $200 y se ha visto obligado a satisfacer la cantidad de $10 mensuales por alquiler de *garage* en Caguas, donde tuvo su automovil que ser guardado.''

Nos inclinamos a darle la razón al apelante en cuanto a que las partidas de alquiler de automóviles y lo cargado por almacenaje en el *garage* no constituyen una apropiada me-

dida de daños y perjuicios; sin embargo, no se hizo objeción alguna en la corte inferior ni contra las expresas alegaciones de la demanda en este sentido, las que fueron simplemente negadas por información y creencia, o contra la prueba introducida en apoyo de la misma, o contra las conclusiones (*findings*) de la corte sobre las mismas. Por otro lado, se presentó prueba para demostrar que el automóvil, según se alega en la demanda, valía $1,200 a la fecha del choque o colisión y que los restos del mismo valdrían cosa de dos o trescientos dollars. Dadas las circunstancias, no estamos dispuestos a reducir la cuantía de la sentencia.

La cuestión de costas, desembolsos y honorarios de abogados es una cuestión que radica dentro de la discreción del juez sentenciador, y no se ha demostrado que haya abusado de la misma.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.