González, Demandante y Apelado, *v.* Malgor, Luiña & Co., Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 2294.—Resuelto en febrero 14, 1921.

Daños y Perjuicios—Negligencia—Negligencia Contributoria.—En una demanda establecida para recobrar daños y perjuicios por negligencia, no es necesario alegar que el demandante está libre de culpa o negligencia. La negligencia contributoria del demandante es una defensa que incumbe alegar y probar al demandado.

Id.—Id.—Chauffeur—Cuidado al Elegirlo.—Una demanda reclamando los daños y perjuicios causados por el chauffeur del demandado al chocar negligentemente contra el automóvil del demandante, no es defectuosa porque deje de alegar que el demandado no empleó toda la diligencia de un buen padre de familia al elegir el chauffeur. En el caso de que tal alegación tuviera alguna fuerza, sería al demandado a quien competería establecerla y probarla.

Id.—Id.—Corte de Distrito—Corte Municipal—Jurisdicción—Apelación.—Interpuesta demanda reclamando una suma menor de quinientos dólares en la corte municipal y dictada sentencia sobre las alegaciones, la corte de distrito, apelada dicha sentencia para ante ella, adquiere jurisdicción no sólo para decidir la cuestión de derecho resuelta por la corte inferior, sino para ver y juzgar la totalidad del caso, de acuerdo con la ley.

Id.—Id.—Sentencia que Concede Más de lo Pedido.—En el presente caso pidióse en la demanda la suma de $141.84 a que ascendía el costo de los daños causados al automóvil del demandante. La prueba fué escasa y vaga en tal extremo. Eso no obstante, la corte concedió $150. *Se resolvió:* que la sentencia no debió conceder más de lo pedido.

Id.—Id.—Sentencia Ajustada a la Prueba.—Habiendo demostrado la prueba que el demandante obtenía con su automóvil dedicado al negocio de transporte, un beneficio de $10 diarios y que como consecuencia del choque sufrido estuvo impedido de continuar el negocio durante treinta días, es preciso concluir que una sentencia concediendo $300 está justificada por la evidencia.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. F. Ramírez de Arellano, Chas. Hartzell y C. Urrutia.*

Abogado del apelado: *Sr. E. Campillo.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Rosendo González demandó en la Corte Municipal de San Juan a Malgor, Luiña & Co. en cobro de $441.84 por daños y perjuicios. La corte municipal falló el caso en contra del demandante al declarar con lugar una excepción de falta de causa de acción interpuesta por los demandados. Se dictó sentencia. El demandante recurrió de ella para ante la corte de distrito y celebrado allí un juicio, la corte resolvió el pleito en favor del demandante y los demandados entonces apelaron para ante este Tribunal Supremo, señalando en su alegato la comisión de tres errores.

1. Sostienen los demandados que la demanda no aduce una buena causa de acción, (*a*) porque no alega que el demandante hubiera observado el debido cuidado y circunspección; (*b*) porque no detalla los daños sufridos, y (*c*) porque no alega que al escoger su *chauffeur* los demandados no obraron como un buen padre de familia.

Se trata de una reclamación de daños y perjuicios ocasionados al demandante por un *truck* de carga de los demandados, manejado negligentemente por el *chauffeur* de los mismos, que chocó con un auto del demandante.

Para sostener que es necesaria la alegación de que en casos de esta naturaleza el demandante debe consignar en su demanda que está libre de culpa o negligencia, citan los apelantes el caso de *Díaz* v. *The San Juan Light & Transit Co.,* 17 D. P. R. 69.

Ciertamente que leído el resumen del caso invocado, parece que sostiene la contención de los apelantes, pero dicho caso en tal extremo fué aclarado por el de *Rosado* v. *Ponce Railway and Light Company,* 20 D. P. R. 564, 584. Y de acuerdo con la jurisprudencia establecida "la negligencia contributoria del demandante es una defensa que incumbe alegar y probar al demandado."

En cuanto al detalle de los daños, estimamos que la demanda es suficiente. En ella se alega con toda claridad el choque y se consigna que a virtud de él el auto del demandante quedó destrozado ascendiendo los desperfectos a $141.84 y que no podría ser explotado por espacio de treinta días dejando en tal virtud de ganar el demandante trescientos dólares, a razón de diez dólares diarios que le venía produciendo. No consta que los demandados pidieran que el demandante alegara detalladamente en qué consistían los desperfectos. Véase el caso de *Torres* v. *Ramírez*, 22 D. P. R. 450, 452.

Y en lo que respecta a la falta de alegación en la demanda de que los demandados dejaron de obrar como un buen padre de familia al escoger su empleado el *chauffeur,* diremos que en el caso de que tal alegación pudiera tener alguna fuerza, también constituiría una defensa que correspondería alegar y probar al demandado. Véase el caso de *Truyol & Compañía* v. *West India Oil Company*, 26 D. P. R. 361, 369.

2. Alega la parte apelante que la corte de distrito actuó sin jurisdicción. La cuantía de la reclamación no llega a quinientos dólares. Esto es cierto, pero como la corte de distrito no conoció originalmente del pleito, sino que el asunto se presentó en la corte municipal y fué en apelación a la corte de distrito, la jurisdicción de ésta es clara.

La apelante admite que eso es así, pero sostiene que tenía derecho a un juicio en la corte municipal, a otro, *de novo,* en la corte de distrito, y a una apelación en el Supremo, y que como el pleito en la corte municipal se falló al resolver una excepción y por tanto sin celebración de juicio, con el procedimiento seguido se le privó de su derecho a un juicio en la dicha corte municipal.

No estamos conformes. La sentencia dictada en la corte municipal puso fin a la controversia ante ella suscitada. Si no hubiera sido apelada, dicha sentencia, al igual que si hubiera sido dictada después de la celebración de un juicio,

hubiera decidido en definitiva los derechos de las partes. Fué apelada, y la corte de distrito adquirió plena jurisdicción sobre la totalidad del caso. Declaró sin lugar la excepción y entró en la celebración del juicio y dictó la sentencia que ha sido recurrida para ante este Tribunal Supremo.

¿De qué pueden quejarse válidamente los apelantes? Si la cuantía de la reclamación hubiera sido mayor, solo la corte de distrito hubiera intervenido en el juicio. La alegación de los apelantes está, pues, desprovista de todo fundamento.

3. El tercero y último señalamiento de error está designado así en el alegato de los apelantes: "La corte erró al fijar la cantidad de indemnización."

Se demostró por la prueba que el auto del demandante quedó como dicen los testigos "desbaratado" a consecuencia del choque. "Se le rompió la rueda de atrás derecha, la goma, se le dobló el guarda lodo de atrás y de alante, se le rompió el radiador, la capota destrozada, el winshil se rompió, una goma de alante y el tubo también, y una bolladura en la caja," expresa un testigo. El propio testigo declara que las reparaciones costaron ciento cincuenta dólares y otro que ciento y pico. La prueba es, pues, escasa y vaga sobre el costo exacto de las reparaciones. La corte fijó la suma de ciento cincuenta dólares, pero como en la demanda sólo se reclama por este concepto la de $141.84, creemos que la sentencia no debió conceder más de lo pedido.

En cuanto al otro extremo de la reclamación, se demostró que el auto del demandante estaba destinado al transporte de pasajeros en San Juan y que trabajaba diariamente obteniendo de veinte y cinco a quince pesos diarios y un promedio de beneficio de diez dólares diarios, habiendo estado impedido de ser explotado durante un término de treinta días. Existió, pues, base en la evidencia para que la corte ordenara el pago de la suma de trescientos dólares reclamada en tal concepto.

No existe señalamiento de error en cuanto a la aprecia-

ción de la prueba por parte de la corte como demostrativa de la negligencia de los demandados. Esto no obstante hemos examinado dicha prueba y a nuestro juicio sostiene la sentencia en tal extremo.

Por virtud de todo lo expuesto debe confirmarse la sentencia recurrida pero modificándola en cuanto a la cuantía de la indemnización que debe fijarse en $441.84 en vez de $450.

> *Confirmada la sentencia apelada, pero reducida su cuantía a $441.84 en vez de $450, de indemnización.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.