FRANK E. ADAMS, demandante, apelado y apelante, *v.* ROBERTO QUINTERO, demandado, apelante y apelado.

No. 4726.—*Sometido:* Diciembre 3, 1931. *Resuelto:* Noviembre 15, 1932.

*Henri Brown, C. Ruiz Nazario, G. E. González y G. Benítez Gautier,* (*Salvador Suau* y *F. Prieto Azúar,* en el alegato) abogados del demandado apelante; *L. Feliú,* (*Feliú & La Costa en el alegato*), abogado del demandante apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El demandante reclama daños por la suma de $2,280 a causa de la pérdida del uso de un automóvil damnificado y por la cantidad de $500 como el costo estimado de su reparación. La corte de distrito, después de un juicio sobre los méritos, rechazó la reclamación por pérdida de uso y dictó sentencia a favor del demandante por $353.40 para cubrir el costo de las reparaciones. Ambas partes apelan.

La corte de distrito no erró al resolver que el accidente se debió a la negligencia del demandado, ni al conceder daños y perjuicios al demandante en una suma igual a la ya gastada por una compañía de seguros al efectuar las reparaciones bajo una póliza tomada por el demandante.

El juez de distrito basó su negativa a conceder indemnización por pérdida de uso en un *obiter dictum* en el caso de *Morales* v. *Caraballo,* 27 D.P.R. 591. En aquel caso estuvimos inclinados a convenir con el apelante en que el dinero gastado por el demandante para alquiler de automóviles no constituía una medida adecuada de daños, pero la cuestión no fué definitivamente resuelta, y el caso fué fallado por otros fundamentos. En *González* v. *Malgor, Luiña & Co.,* 29 D.P.R. 105, 108, en que el automóvil averiado había sido dedicado al transporte de pasajeros a base de alquiler, esta corte resolvió que la indemnización de $10 por día por la pérdida del uso era adecuada.

El aquí demandante usaba su carro primariamente en ir a su oficina y regresar de ella, y en llevar sus niños a la escuela y de allí a la casa. También lo usaba como un vehículo para la familia. En una acción para recobrar el costo de las reparaciones cuando el carro es utilizado de esa manera, la pérdida del uso durante el tiempo razonablemente necesario

para tales reparaciones es un elemento propio de indemnización.   42 C. J. 1291, sección 1167.

Es un hecho admitido que el carro del demandante pudo haber sido restaurado al estado en que se hallaba antes del accidente.   Ciertas partes, no obtenibles en la Isla, fueron pedidas al continente.   No se ha explicado satisfactoriamente por qué las reparaciones no fueron completadas dentro de cuatro meses.   Nada hay que demuestre lo que hubiera sido un tiempo razonable para efectuar. tales reparaciones.   El demandado no era responsable de cualquier demora innecesaria bien por el demandante o por la compañía de seguros. Dando al demandado el beneficio de cualquier duda respecto al límite de tiempo requerido, creemos que tres semanas sería un cálculo conservador.

No hallamos que se cometiera abuso de discreción al conceder costas al demandante.

La sentencia apelada debe ser modificada de modo que incluya la concesión de $210 por concepto de daños y perjuicios en favor del demandante como pérdida por no haber podido usar su automóvil, y *así modificada se confirma.*