Galo Carreras, peticionario, *v.* Corte de Distrito de Humacao, Hon. Rafael Arjona Siaca, Juez, demandada.

No. 1034.—*Sometido:* Junio 3, 1935. *Resuelto:* Julio 26, 1935.

*González Fagundo & González, Jr.,* abogados del peticionario; la parte contraria, demandados en la acción que motivó el *certiorari,* no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Galo Carreras demandó en la Corte Municipal de Caguas a María Polo viuda de Ferrari en solicitud de sentencia condenando a la demandada a recibir del demandante doscientos dólares y a otorgar a su favor escritura de retrocesión de cierto crédito hipotecario por mil cien dólares, dando de tal modo cumplimiento a un contrato de préstamo celebrado entre demandante y demandada. Luego se enmendó la demanda incluyendo como demandado a Ángel Ortiz a quien la demandada cedió simuladamente, según se alega, el crédito en cuestión.

El demandado Ortiz excepcionó la demanda, alegando

que la corte municipal no tenía jurisdicción por razón de la cuantía, que existía indebida acumulación de partes demandadas y de acciones y que la demanda era ambigua, ininteligible y dudosa.

Al resolver las excepciones la corte municipal estudió primero la de jurisdicción y concluyó que estaba bien fundada porque a su juicio la cuantía envuelta en el litigio no era la de doscientos dólares sino la de mil cien, valor del crédito hipotecario, y se declaró sin competencia para seguir conociendo del asunto.

Pidió entonces el demandante que la corte se sirviera "dictar y registrar sentencia . . . por los méritos de las alegaciones" y la corte accedió en los siguientes términos:

"Vista la moción del demandante, en que pide se dicte sentencia definitiva sobre las alegaciones, por los fundamentos expuestos en la resolución de las excepciones previas, se dicta sentencia declarándose esta corte incompetente por la cuantía de este caso, en cuanto a ambos demandados, sin especial condena de costas."

De esa "sentencia" apeló el demandante para ante la corte de distrito. Radicados en ella los autos, se señaló para la vista del caso en su fondo el 24 de mayo de 1934 en cuyo día las partes discutieron las excepciones formuladas en la corte municipal y una moción del demandado Ortiz pidiendo la eliminación de la demanda enmendada, reservándose la corte de distrito su resolución que dictó en junio primero siguiente declarando la moción y las excepciones sin lugar y concediendo a los demandados diez días para contestar.

Archivaron en efecto los demandados su contestación. El demandante pidió a la corte que dictara sentencia sobre las alegaciones por entender que la contestación en la forma en que estaba redactada admitía los hechos alegados en la demanda y la corte el 11 de octubre de 1934 declaró sin lugar su petición.

El 18 de enero, 1935, se llamó el caso para su vista, ce-

lebrándose ésta en efecto con la comparecencia de las partes representadas por sus abogados y el caso quedó así definitivamente sometido a la corte de distrito. Ésta en 21 de febrero siguiente dictó en él una resolución que dice:

"La sentencia apelada en este caso no resuelve definitivamente las deudas (sic) de las partes. Es inapelable para ante esta Corte. Se desestima por ello la apelación interpuesta."

Pidió reconsideración el demandante y la corte la negó el 9 de mayo último y fué entonces que se dirigió a esta Corte Suprema por medio de esta petición de *certiorari*. Expedido el auto, se remitió el récord original del pleito del que constan los hechos que dejamos narrados. A la vista del recurso sólo acudió el peticionario por su abogado. No hemos tenido, pues, el beneficio de un debate en el asunto. En su alegato el peticionario sostiene que:

"Las dos resoluciones insertas infringen los artículos 139 y 140 del Código de Enjuiciamiento Civil toda vez que aun admitiendo que procedieran las excepciones previas que era lo único que estaba pendiente de discusión, el demandante podía enmendar su demanda o solicitar sentencia final por el mérito de las alegaciones para apelar para ante la Corte Suprema y las resoluciones dictadas por la Corte de Distrito de Humacao privan al demandante de ser oído en corte por desestimar la apelación interpuesta contra la sentencia dictada por la Corte Municipal resolviendo que es inapelable dicha sentencia. contraria también esta afirmación a la ley sobre apelaciones de 1929.

"Las leyes antes citadas han sido interpretadas por esta Hon. Corte Suprema en los siguientes casos:

"García vs. Humacao Fruit Co., 23 D.P.R. pág. 247.

"Gutiérrez vs. Foix, 23 D.P.R. pág. 73.

"González vs. Malgor, Luiña & Co., 29 D.P.R. pág. 106.

"Gelabert vs. Córdova, 17 D.P.R. pág. 1200.

"Garriga vs. Sepúlveda, 26 D.P.R. pág. 47.

"Fradera vs. Morales, 19 D.P.R. pág. 1122.

"Matos vs. Ortiz, 19 D.P.R. pág. 77."

Hemos consultado las decisiones de esta corte que se invocan. Establecen que en las apelaciones interpuestas para ante las cortes de distrito de sentencias dictadas por cortes

municipales lo que procede es un juicio de nuevo. Así, si la corte municipal dictó sentencia a virtud de excepción previa de falta de hechos a la demanda determinantes de causa de acción, por ejemplo, y la corte de distrito estima que la demanda es suficiente, no debe devolver el caso a la corte municipal, sino seguir conociendo de él por todos sus trámites hasta resolverlo de acuerdo con los hechos y la ley. Es cierto que en ninguna de ellas la sentencia dictada lo fué por estimar la corte que no tenía jurisdicción para intervenir en el litigio como aquí sucede, pero en ausencia de una demostración en contrario, creemos que debe aplicarse la misma regla para que exista fijeza en el procedimiento.

La ley—Ley No. 2 de 1929, Leyes de ese año, pág. 125—autoriza la apelación en los siguientes términos: "Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, . . ." Y sentencia, según el artículo 188 del Código de Enjuiciamiento Civil, "es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento."

¿Quedaron los derechos de las partes definitivamente resueltos por la sentencia de la corte municipal de que apeló el demandante para ante la corte de distrito? A nuestro juicio quedaron en el sentido de haber la corte municipal, bajo la base de carencia de jurisdicción, rehusado considerarlos. Acudió entonces la parte interesada en apelación de acuerdo con la ley al tribunal del distrito correspondiente y éste, también de acuerdo con la ley y la jurisprudencia, adquirió plena jurisdicción para entrar de lleno en el conocimiento del pleito.

Y así lo hizo en un principio, declarando sin lugar las excepciones y disponiéndose a juzgarlo por sus méritos, no estando en tal virtud justificada su última actuación limitada a desestimar el recurso.

En el caso de *Matos Hermanos & Cía.* v. *Ortiz,* 19 D.P.R. 77, 79, citado con aprobación en el de *Fradera* v. *Morales,*

*et al.,* 19 D.P.R. 1122, 1125, se dijo por esta Corte por medio de su Juez Asociado Sr. Wolf:

"Aunque es cierto según alega el apelante que las cortes municipales tienen jurisdicción para resolver casos en que la suma envuelta es menor de $500, y que esa jurisdicción no es concurrente, sin embargo, como en el presente caso la Corte Municipal de Yauco había resuelto que la sociedad demandante no tenía ninguna reclamación que hacer con arreglo a la ley, el único remedio que le quedaba a dicho demandante era el de la apelación, y según la ley que regula las apelaciones de las cortes municipales a las de distrito en asuntos civiles, el caso debía celebrarse de nuevo en dicha corte de distrito. La corte de distrito adquirió jurisdicción sobre todo el caso y tenía facultades para proceder precisamente del mismo modo que hubiera procedido la corte municipal en el pleito original. Por tanto, al desestimar la corte la excepción previa tenía facultad para obligar al demandado a presentar su contestación, como lo hizo en definitiva."

Y en el de *González* v. *Malgor, Luiña & Co.,* 29 D.P.R. 105, 107, se expresó y resolvió lo que sigue:

"Alega la parte apelante que la corte de distrito actuó sin jurisdicción. La cuantía de la reclamación no llega a quinientos dólares. Esto es cierto, pero como la corte de distrito no conoció originalmente del pleito, sino que el asunto se presentó en la corte municipal y fué en apelación a la corte de distrito, la jurisdicción de ésta es clara.

"La apelante admite que eso es así, pero sostiene que tenía derecho a un juicio en la corte municipal, a otro, *de novo,* en la corte de distrito, y a una apelación en el Supremo, y que como el pleito en la corte municipal se falló al resolver una excepción y por tanto sin celebración de juicio, con el procedimiento seguido se le privó de su derecho a un juicio en la dicha corte municipal.

"No estamos conformes. La sentencia dictada en la corte municipal puso fin a la controversia ante ella suscitada. Si no hubiera sido apelada, dicha sentencia, al igual que si hubiera sido dictada después de la celebración de un juicio, hubiera decidido en definitiva los derechos de las partes. Fué apelada, y la corte de distrito adquirió plena jurisdicción sobre la totalidad del caso. Declaró sin lugar la excepción y entró en la celebración del juicio y dictó la sentencia que ha sido recurrida para ante este Tribunal Supremo.

"¿De qué pueden quejarse válidamente los apelantes? Si la cuantía de la reclamación hubiera sido mayor, sólo la corte de dis-

trito hubiera intervenido en el juicio. La alegación de los apelantes está, pues, desprovista de todo fundamento.''

Por virtud de todo lo expuesto, *debe anularse la resolución de febrero 21, 1935, y devolverse los autos originales reclamados a la corte de distrito de su origen para que continúen tramitándose de acuerdo con la ley.*

El Juez Asociado Señor Córdova Dávila no intervino.