PLÁCIDA PADILLA, como madre con patria potestad sobre su menor hijo RICARDO ESTRADA, demandante y apelada, *v.* RICARDO MIRANDA, demandado y apelante.

Núm. 8471.—*Sometido:* Junio 2, 1942. *Resuelto:* Junio 8, 1942.

*A. Dones Padró, L. Vizcarrondo Coronado* y *Angel Arroyo Rivera,* abogados del apelante; *Ortiz Toro & Ortiz Toro,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En esta acción de daños y perjuicios la Corte de Distrito de San Juan declaró con lugar la demanda y condenó al demandado a pagarle al demandante la suma de $700. En este recurso alega el apelante que la corte inferior erró al conceder permiso al demandante para enmendar la demanda en el acto del juicio y que la prueba presentada no justificó dicha enmienda; al estimar que hubo negligencia por parte del empleado del demandado; al no tener en cuenta la negligencia contributoria de otro motorista, dejando de aplicar la doctrina del "concurrent tort-feasor"; al no estimar la negligencia contributoria del niño perjudicado, y por último, por ser la sentencia excesiva en su cuantía.

■■ En cuanto a los dos primeros señalamientos bastará con decir que si bien en la demanda se alegó que el accidente ocurrió el día 9 de junio de 1938, el demandado en su contestación no se limitó a negar ese hecho, sino que negó "que en junio de 1938" estuviere guiando el *truck* su empleado o que ocurriera el accidente. Asimismo de la transcripción de evidencia aparece que el abogado del demandado apelante no se opuso a la enmienda solicitada por el demandante ni anotó excepción a la resolución de la corte. [2] No se cometieron estos errores y tampoco el tercero que se refiere a la apreciación que de la prueba hizo el juez senten-

ciador para determinar la negligencia del demandado al exponer en su opinión lo siguiente:

"La corte, por la apreciación que ha hecho de la prueba, ha llegado a la conclusión de que el accidente a que se refiere esta acción, y las lesiones sufridas por el menor Ricardo Estrada se debieron, única y exclusivamente, a la negligencia del *chauffeur* y empleado del demandado al conducir el camión a bastante velocidad por una carretera estrecha y no reducir esa velocidad al cruzarse con un automóvil, viéndose obligado, para no chocar con dicho automóvil, a echarse todo lo más posible a la derecha de la carretera y al tratar nuevamente de coger el centro de la misma, y debido a la velocidad a que era conducido dicho camión patinó la parte trasera del mismo hacia la derecha, dándole al menor Ricardo Estrada, quien por dicha derecha caminaba, con la parte trasera izquierda de dicho camión.

"Estamos convencidos de que el accidente objeto de esta acción no hubiera ocurrido si el conductor del camión, al cruzarse con el automóvil en una carretera estrecha como era por la que el mismo caminaba, hubiera reducido la velocidad, evitando así el que, debido al peso de la carga que transportaba, tuviese que desviarse repentinamente hacia el centro de la carretera para evitar caer en la cuneta, cuyo movimiento rápido fué la causa única de que la parte de dicho camión patinase hacia la derecha de dicha carretera."

La prueba presentada, según aparece de la transcripción de evidencia, sostiene la conclusión a que llegó la corte inferior y no alegándose que actuara movida por pasión, prejuicio o parcialidad, somos de opinión que no cometió manifiesto error en la apreciación de la misma.

▉▉ El cuarto y quinto señalamientos que se refieren a la negligencia contributoria, carecen de méritos pues el demandado no alegó, ni en su contestación ni como defensa, dicha negligencia y tampoco presentó prueba de clase alguna para demostrarla. Toda su prueba se circunscribió a tratar de demostrar que el truck no estaba en el sitio del accidente cuando éste ocurrió. Hemos resuelto repetidas veces que corresponde al demandado alegar y probar la negligencia contributoria. Véanse *González* v. *Malgor, Luiña & Cía.,* 29 D.P.R. 105; *Maldonado* v. *Hamilton,* 32 D.P.R. 224; *Rivera*

530

v. *Central Pasto Viejo, Inc.*, 44 D.P.R. 244, 274, y *López* v. *Rexach*, 58 D.P.R. 143, 155, habiéndose resuelto en este último caso que "no basta que el demandado alegue la negligencia contribuyente. Es preciso también que la pruebe por la preponderancia de la evidencia, a menos que tal negligencia pueda inferirse de la prueba del demandante", inferencia que no surge en el caso de autos.

■ Se probó que las lesiones sufridas por el demandante fueron la fractura del brazo izquierdo y el desprendimiento de ligamentos del tobillo izquierdo, las que le obligaron a estar recluído en el hospital veintiún días. Somos de opinión que la indemnización de $700 concedida no es excesiva.

*Se desestima el recurso y confirma la sentencia apelada.*