RAFAEL B. PÉREZ MERCADO, demandante, apelante y apelado, *v.* Los esposos JOSÉ PICÓ e INÉS ABARCA DE PICÓ, demandados, apelados y apelantes.

Núm. 8821.—*Sometido:* Febrero 15, 1944. *Resuelto:* Abril 12, 1944.

R. B. Pérez Mercado, pro se y Celestino Iriarte, F. Fernández Cuyar y H. González Blanes, abogados del apelante apelado; R. Díaz Collazo, abogado de los apelados apelantes.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1940 Enrique Abarca Sanfeliz hizo un viaje a los Estados Unidos. Durante su ausencia, su hija Inés vivía en la casa de su padre con su hija y su esposo, Dr. José Picó. Al ausentarse Abarca para los Estados Unidos, le dió permiso a los miembros de su familia, incluyendo al Dr. y a la señora Picó, para usar el automóvil de Abarca y el chófer de éste. Haciendo uso de este permiso, los Picós el 4 de septiembre de 1940 ordenaron al chófer que los llevara a la ciudad para ir de compras. Cuando el chófer los traía de regreso a la casa, los demandados notaron que amenazaba llover. Entonces le dijeron al chófer que condujera el automóvil a mucha velocidad toda vez que les preocupaba su hija a quien habían dejado en la casa. El chófer obedeció esta orden y como resultado el automóvil chocó con el del demandante. La corte de distrito creyó probados los hechos

arriba expuestos y resolvió que el accidente había sido causado por el negligente manejo del chófer. Hay suficiente prueba en el récord para justificar esta conclusión, y por tanto no la alteraremos en apelación. No obstante la corte de distrito resolvió que no había derecho a recobrar bajo las circunstancias aquí envueltas, y dictó sentencia a favor de los demandados. El caso se encuentra ante nos en apelación de dicha sentencia. El abogado de los demandados no radicó alegato ni compareció a la vista oral del caso.

██ La opinión de la corte de distrito contiene una extensa discusión en cuanto a la inaplicabilidad del artículo 17 [1] de la Ley de Automóviles (Ley núm. 75, Leyes de Puerto Rico, 1916, artículo 17) a los hechos del presente caso. Asumimos, sin decidirlo, que este artículo no se aplica a este caso, en vista de que el automóvil pertenecía a Abarca, y no a los demandados. Pero lo que la corte de distrito no discutió, y lo que creemos nosotros es decisivo para el caso, es que la causa próxima del accidente fué la inmediata, directa y flagrante negligencia de los propios demandados. La corte de distrito afirmó que "Ni aún bajo la doctrina liberal, *respondeat superior,* del derecho americano, puede exigirse responsabilidad a los demandados Picó. No mediaban entre el chófer Santana y el Dr. Picó y su esposa relaciones de patrono y empleado . . . cuando guiaba el automóvil para beneficio de los Picó, requerido por éstos, no eran las instrucciones de ellos, sino las de Abarca, las que seguía;". Pero la relación legal del chófer con los demandados no tiene efecto alguno sobre el caso específico ante nos. Este caso tiene que ser resuelto necesariamente a favor del demandante por la única razón de que los propios Picós personalmente realizaron actos de negligencia—al ordenar al chófer que manejara el automóvil negligentemente. Estaban autorizados para

---

[1] "Artículo 17.—El dueño de cualquier vehículo de motor será responsable de los daños causados por la negligencia del conductor o *chauffeur* mientras dicho dueño estuviere en el vehículo."

usar el automóvil y al chófer y dar a éste órdenes específicas sobre dónde y cómo debía el chófer llevarlos. Bajo dichas circunstancias, toda discusión en cuanto a la responsabilidad de un dueño bajo nuestro Código y la llamada doctrina del propósito familiar (*family purpose*), tal como se encuentra en los casos del derecho común, está fuera de orden. Este caso es sumamente sencillo. Los demandados fueron negligentes. Su negligencia fué la causa próxima de los daños causados al demandante. Por tanto no necesitamos ir más allá del artículo 1802 del Código Civil para resolver que los demandados son responsables al demandante por el daño que se le ha ocasionado debido a la negligencia de los demandados.

No tiene importancia en este caso el hecho de que fué el acto negligente del chófer más bien que el de los demandados el que finalmente causó el accidente. El factor decisivo es que los demandados por sus órdenes negligentes dieron comienzo a una norma de conducta que resultó en los daños al demandante. Eximir a los demandados de responsabilidad por los daños provenientes de su propia negligencia directa equivaldría a resolver que un demandado podría ordenar a una tercera persona que matara a un demandante y después de cumplirse su orden podría defenderse con éxito en un pleito por daños y perjuicios, con el fundamento de que el revólver que se usó no pertenecía al demandado y de que el agresor no era técnicamente su empleado. Si el propio Dr. Picó hubiera manejado el automóvil de Abarca, no podría decir que no fué responsable por su propio manejo negligente. De la misma manera, no puede refugiarse detrás del título de Abarca y el *status* permanente del chófer. Éste, a la fecha del accidente, estaba sujeto a las órdenes de los demandados; éstos actuaron negligentemente al ordenar al chófer que aumentara en exceso la velocidad; como resultado directo de su negligencia el carro era manejado negligentemente, con perjuicio para el demandante. El caso cla-

ramente cae dentro de las disposiciones del artículo 1802 del Código Civil.[2]

■ La prueba del demandante en cuanto a los daños no fué controvertida por los demandados. Probó que su automóvil tenía dos meses de uso; que había pagado $1,575 por él; que había depreciado, debido a los dos meses de uso, la suma de $200; y que después del accidente valía $675. También probó que hizo gestiones para reparar el automóvil, pero que debido a que no se conseguían las piezas, se vió obligado a comprar un nuevo automóvil, dándosele crédito por el valor del automóvil chocado—$675—en el precio de venta. Todas estas gestiones se dilataron por dos meses en vista de la promesa de los demandados, que no se cumplió, de que una compañía de seguros pagaría el costo de las reparaciones. El demandante también probó que era abogado y que el ejercicio de su profesión en dicha fecha le exigía que hiciera numerosos viajes a Guayama y a Ponce. Por tanto se le hizo necesario alquilar un automóvil a razón de $10 diarios por los 61 días que se vió privado del suyo.[3]

*La sentencia de la corte de distrito será revocada y se dictará una nueva sentencia a favor del demandante por (a) $700 por daños ocasionados a su automóvil, (b) $610 por el alquiler de un automóvil durante 61 días y (c) $200 para honorarios de abogado, además de las costas según dispone la ley:* .

---

[2] Véase también *Restatement, Torts,* Vol. 4, §876, subdivisión (*a*), págs. 435–6.

[3] Véase *Adams* v. *Quintero,* 44 D.P.R. 9.