## HERNÁNDEZ *v.* LA CORTE DE DISTRITO.

Solicitud para que se expida mandamiento de *Certiorari.*

No. 71.—Resuelto en abril 12, 1911.

APELACIÓN CONTRA SENTENCIA DICTADA POR LA CORTE MUNICIPAL—JURISDICCIÓN.— Interpuesta apelación por ambas partes, para ante la corte de distrito, contra sentencia de la corte municipal, dicha corte de distrito tiene jurisdicción para celebrar de nuevo el juicio y juzgar y resolver todas las cuestiones envueltas en las alegaciones, aún en el caso de que la apelación interpuesta por una de las partes, lo hubiera sido vencido el término y fuera esencialmente defectuosa.

CERTIORARI—ALEGACIONES.—La circunstancia de que el demandado, en una contestación enmendada, no reproduzca los hechos de la reconvención original, y se limite simplemente a darlos por reproducidos, es un defecto de forma que el demandante puede pedir que se corrija ante la corte inferior, pero si abandonare ese derecho, no procederá expedir un mandamiento de *certiorari* para obtener su revisión.

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El peticionario solicita en este caso, que por esta Corte Suprema se expida un auto de *certiorari* dirigido a la Corte de Distrito de Mayagüez para que remita los autos originales del pleito seguido por él en cobro de pesos contra Víctor P. Martínez y por los errores que en su solicitud alega haber cometido la expresada corte de distrito, revoque y anule la sentencia que ésta dictó en 14 de febrero de 1911.

Los fundamentos de la solicitud jurada para que el auto de *certiorari* se expida son:

1° Que dictada sentencia en ese caso por la Corte Municipal de Mayagüez, en 6 de octubre de 1910, el peticionario, demandante en ese pleito, apeló de ella para ante la Corte de Distrito de Mayagüez en 15 del mismo mes y año por escrito de ese día notificado a la parte contraria y presentado al secretario de la corte municipal.

2°. Que el demandado Don Víctor P. Martínez también

presentó escrito de apelación, pero el día 17 de octubre de 1910, o sea, pasados los diez días de dictada la sentencia.

No consigna la solicitud la fecha en que la sentencia fué registrada por el secretario.

3º. Que el escrito de apelación del demandado fué presentado ante un tal Baeza y ante este jurado que la notificación del mismo se había hecho al demandante, cuando el secretario de la corte municipal es Abigail Crespo.

4º. Que habiendo solicitado de la corte municipal que declarase nulo el escrito de apelación del demandado por los motivos expuestos, la moción fué desestimada, y también en la Corte de Distrito de Mayagüez donde interesó se desestimara el recurso de apelación del demandado.

5º. Que la contestación a la demanda contenía una reconvención, pero habiendo sido después enmendada la demanda, la nueva contestación se limitó en cuanto a la reconvención a consignar que reproducía los hechos que respecto de ella había establecido en su primera alegación. No alega que pidiera la eliminación de la reconvención así formulada.

6º. Que la corte de distrito declaró sin lugar la demanda y con lugar la reconvención; y

7º. Que como la cuantía en litigio no alcanza a trescientos dollars, esa sentencia no es apelable.

En cuanto a la apelación del demandado, aunque fuera establecida fuera de tiempo y con los defectos que se mencionan respecto al juramento de la notificación y de la presentación, no por ello habría cometido error la corte de distrito al celebrar de nuevo el juicio, porque tenía la apelación del demandante hecha en tiempo y forma, que le daba jurisdicción para conocer del juicio, celebrándolo de nuevo y juzgando y resolviendo todas las cuestiones que envolvían las alegaciones.

Respecto al otro extremo de que la contestación enmendada no reprodujo los hechos de la reconvención original y se limitó a darla por reproducida, fué ello un defecto de forma que pudo el demandante haber pedido de la corte que se

corrigiera, pero habiendo abandonado ese derecho, no puede ahora revivirlo.

La solicitud de *certiorari* debe negarse.

*Sin lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.