GELABERT HERMANOS *v.* CÓRDOVA, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 83.—Resuelto en diciembre 22, 1911.

SENTENCIA—APELACIÓN DE LAS CORTES MUNICIPALES—DESESTIMACIÓN DEL RECURSO.—Apelada la sentencia de una corte municipal para la corte de distrito, formalizado el recurso y señalado día para la celebración del nuevo juicio ante la corte, apelada aquella sentencia deja de tener por ministerio de la ley valor ni eficacia alguna, sin que sea susceptible de revocación, modificación o confirmación, sino que es necesario que el nuevo juicio termine por nueva sentencia.

ID.—INCOMPARECENCIA DEL DEMANDADO Y APELANTE—DESESTIMACIÓN DE LA APELACIÓN.—Las disposiciones legales y reglamentos judiciales que afecten a la vista de pleitos originales entablados ante las cortes de distrito, rigen en la vista de pleitos apelados de las cortes municipales, y por lo tanto la incomparecencia del demandado y apelante no es motivo para que la corte de distrito desestime la apelación y confirme la sentencia apelada, sino que debe celebrarse el juicio en ausencia del demandado.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. José Martínez Dávila.*

Abogado de la parte opositora: *Sr. Adrián Agosto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la corte municipal del Distrito Judicial Municipal de San Juan por Kunhardt and Company contra la Compañía Latino-Americana de Iluminación, compuesta de A. J. de Arrastia y Compañía, Gelabert Hermanos y W. H. Pinckney, en cobro de doscientos treinta y un dollars ochenta y seis centavos con intereses y costas, dicha corte

dictó sentencia en 16 de febrero del corriente año, que fué apelada por los demandados Gelabert Hermanos para ante la Corte de Distrito del Distrito Judicial de San Juan, y habiendo sido llamado el pleito a juicio oral en 19 de octubre último, como no compareciera la parte demandada y apelante, dicha corte de distrito a petición de la parte demandante y apelada, declaró desierta y abandonada la apelación con costas a la parte apelante.

La representación de Gelabert Hermanos presentó moción para que fuera reconsiderada la orden expresada, y la corte declaró sin lugar la reconsideración por resolución de 4 de noviembre próximo pasado.

Contra estos procedimientos de la Corte de Distrito de San Juan ha venido a esta Corte Suprema en recurso de *certiorari* la representación de Gelabert Hermanos, solicitando se anule la orden de 19 de octubre de que se deja hecho mérito, y a ese fin alega haberse infringido la ley para reglamentar las apelaciones contra sentencias de las cortes municipales, aprobada en marzo 11 de 1908.

El auto de *certiorari* fué expedido y la vista del recurso tuvo lugar con asistencia de los abogados del peticionario y del demandante y apelado Kunhardt y Compañía.

Traigamos a examen la ley que se supone infringida.

Esa ley al reglamentar las apelaciones contra sentencias de las cortes municipales en los pleitos civiles, establece en su sección 3ª. los siguientes preceptos:

"La corte de distrito anotará la causa en el calendario o lista de señalamientos de pleitos civiles que hayan de verse oportunamente, conforme a las disposiciones de la ley y al reglamento judicial para el régimen del calendario. Al anunciarse la vista de la apelación el tribunal, a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones u autos por los cuales se creyere aquél perjudicado. Resueltas que fueren estas cuestiones, se procederá a la vista de la causa, a menos que la corte estimare que la demanda o contestación está sujeta a excepción

previa, y en tal caso, la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda o contestación. Una vez dispuesto el pleito para la vista, se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito. Si el demandante dejare de comparecer ante la corte de distrito, ésta desestimará la demanda por abandono de acción, y dictará sentencia a favor del demandado, imponiendo las costas al demandante."

Como se ve, la ley exige la comparecencia del apelante, sea éste demandante o demandado, para revisar y tomar en consideración a su instancia, cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado, y una vez resueltas tales cuestiones o después de enmendada la demanda o la contestación, cuando así se permitiere, debe tramitarse el pleito apelado como nuevo juicio.

Por modo expreso ordena la misma ley que, si el demandante dejare de comparecer ante la corte de distrito, se desestime la demanda y se dicte sentencia a favor del demandado, y tal precepto, atendidos los términos generales en que está redactado, comprende al demandante, sea éste apelante o apelado.

Nada ordena explícitamente la ley para un caso como el presente en que la parte apelante es la demandada y ha dejado de comparecer ante la Corte de Distrito de San Juan. Pero como esa misma ley dispone que para el nuevo juicio regirán todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originales entablados ante las cortes de distrito, es lógico concluir que lo que se haga en esos pleitos, cuando no comparece el demandado al acto de la celebración del juicio, es lo que debe hacerse cuando no comparece el demandado, sea apelante o apelado, a la vista del juicio en los casos de apelación para ante una corte de distrito.

En los pleitos de que originalmente conocen las cortes de distrito, contestada la demanda el juicio se celebra con la sola comparecencia de la parte demandante, sin necesidad de

que comparezca el demandado; al demandante incumbe el deber de probar los hechos determinantes de su acción; el demandado puede abstenerse de proponer pruebas y aceptar las resultas de las del demandante. Siendo ello así, y haciendo aplicación de esos preceptos de procedimiento al presente caso, la Corte de Distrito de San Juan, ante la que compareció la parte demandante y apelada debió celebrar el nuevo juicio sin que la incomparecencia del apelante y demandado fuera motivo legal para impedirlo y menos para declarar desierto el recurso de apelación.

Apelada la sentencia de la corte municipal para la de distrito, formalizado el recurso, y señalado día para la celebración del nuevo juicio ante la corte apelada, aquella sentencia dejó de tener por ministerio de la ley valor y eficacia alguna. No cabía revocarla, modificarla o confirmarla, sino que era necesario que el nuevo juicio terminara por nueva sentencia. La mera desestimación del recurso no podía dejar subsistente una sentencia que ya no tenía vida legal.

En los juicios que *de novo* se celebran ante las cortes de distrito a virtud de recurso de apelación interpuesto contra sentencias de las cortes municipales, no hay propiamente partes apelante y apelada, sino partes demandante y demandada, y por tanto no cabe invocar como aplicables aquellos preceptos que regulan las apelaciones que han de resolverse sobre los mismos méritos que sirvieron de base a la sentencia apelada.

Gelabert Hermanos son partes interesadas en el juicio a que se refiere el presente recurso, y su abogado ha jurado la petición del auto de *certiorari* porque los hechos que lo motivan le constan directamente en su concepto de abogado del peticionario.

Por las razones expuestas procede se anule la resolución que dictó la Corte de Distrito de San Juan en 19 de octubre último, declarando desierta y abandonada la apelación interpuesta por Gelabert Hermanos contra la sentencia de la corte municipal, y que se devuelvan los autos a dicha corte de dis-

trito para que proceda con arreglo a los principios consignados en la opinión, o en forma que no sea inconsistente con la misma.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.