MATOS HERMANOS & CA., APELADOS, v. ORTIZ, APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 896.—Resuelto en febrero 7, 1913.

DETALLE DE PARTIDAS (BILL OF PARTICULARS)—DEMANDADO.—Cuando un demandado desea saber los detalles de una reclamación, debe pedir un detalle de la misma. (*Bill of particulars*).

JUICIOS DE NOVO — CORTES DE DISTRITO — APELACIONES DE LAS CORTES MUNICIPALES.—Las cortes de distrito al conocer en grado de apelación de casos procedentes de las cortes municipales, tienen facultades para actuar lo mismo que si fuera en primera instancia, y pueden por tanto declarar sin lugar una excepción previa a la demanda, que fué declarada con lugar en la corte inferior y ordenar al demandado que conteste la demanda.

PRUEBA CONTRADICTORIA—APRECIACIÓN DEL TRIBUNAL SENTENCIADOR.—No cometió error la corte sentenciadora al decidir a favor de la sociedad demandante el conflicto de la prueba contradictoria.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Gustavo Rodríguez y José G. Torres.*

Abogado de los apelados: *Sr. Miguel Juan Llaneras.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Interpuesta apelación en este caso contra la sentencia de la Corte Municipal de Yauco, la Corte de Distrito de Ponce estableció las siguientes conclusiones de hecho:

*Primera.* Que la corte estimó probado por las admisiones de las partes, que la demanda original en este caso fué presentada el día 26 de septiembre de 1911; que el saldo de la cuenta corriente que se trató de cobrar en la demanda ascendía a la suma de $323.28, y que este saldo no ha sido satisfecho por la parte demandada.

*Segunda.* Que la corte estimó probado que las ventas que hacía la casa demandante, Matos Hermanos y Cía., al demandado Dámaso Ortiz, tenían el carácter de ventas al contado, y que por concesión que especialmente hicieron los demandantes al demandado, este último podía dejar de pagar el importe total de la venta con la condición de abonar la diferencia que adeudara semanalmente, estimando, además, la corte como probado, que la cuenta corriente fué liquidada y saldada en 26 de septiembre de 1911, y que el expresado saldo de $323.28, que el demandado admitió como verdadero y cierto, era exigible desde la referida fecha 26 de septiembre de 1911.

El apelante no solamente se opone a estas conclusiones por estimar que no son correctas, sino también a otras cuestiones anteriores que surgieron en la apelación a la corte de distrito, y alega que la Corte de Distrito de Ponce cometió error al no desestimar la excepción previa que se presentó a la demanda, que había sido declarada con lugar por la Corte Municipal de Yauco, alegando, además, que la Corte de Distrito de Ponce, al desestimar la excepción previa, carecía de jurisdicción para seguir conociendo del caso originariamente, pues la jurisdicción sobre las cuestiones relativas a los hechos pertenecía a la corte de Yauco.

En la segunda demanda enmendada que fué finalmente presentada en la Corte Municipal de Yauco, se alega que el demandado venía comprando periódicamente a la sociedad demandante, efectos de comercio al contado, y que las más de las veces pagaba cantidades a cuenta; que el día 23 de septiembre de 1911, el demandante (?) (queriendo decir el demandado) hizo compras de efectos mercantiles por última vez a la mercantil demandante, y de resultas de las diversas compras hechas desde el referido día 12 de abril de 1911, hasta la fecha de la última venta, restó a deberles el demandado la cantidad de $323.28, según puede verse por la cuenta corriente que está unida a los autos. Continúa la demanda expresando las diferentes medidas que tomó la sociedad demandante para cobrar las cantidades expresadas, sin haber obtenido ningún éxito. El demandado tuvo suficiente conocimiento por esta demanda de que la sociedad demandante reclamaba con motivo de las ventas de efectos de comercio, un saldo en cuenta corriente ascendente a $323.28. La demanda pudo haberse presentado en forma más clara, pero si las partes no llevaban sus operaciones en cuentas detalladas o si el demandado hubiera necesitado más informes, debió haber insistido en que se presentase una relación detallada. No vemos que haya cometido error alguno la corte de distrito al desestimar la excepción previa formulada por el demandado.

Aunque es cierto según alega el apelante que las cortes municipales tienen jurisdicción para resolver casos en que la suma envuelta es menor de $500, y que esa jurisdicción no es concurrente, sin embargo, como en el presente caso la Corte Municipal de Yauco había resuelto que la sociedad demandante no tenía ninguna reclamación que hacer con arreglo a la ley, el único remedio que le quedaba a dicho demandante era el de la apelación, y según la ley que regula las apelaciones de las cortes municipales a las de distrito en asuntos civiles, el caso debía celebrarse de nuevo en dicha corte de distrito. La corte de distrito adquirió jurisdicción sobre todo el

caso y tenía facultades para proceder precisamente del mismo modo que hubiera procedido la corte municipal en el pleito original. Por tanto, al desestimar la corte la excepción previa tenía facultad para obligar al demandado a presentar su contestación, como lo hizo en definitiva.

La única cuestión que en realidad queda por resolver en este caso es una de hecho, o sea, si estos efectos de comercio se les entregaron al demandado como una transacción al contado o para pagarlos a plazos. Con respecto a este punto hubo contradicción en la prueba, por lo que no solamente no vemos motivo alguno para intervenir con la discreción de la corte al resolver dicho conflicto a favor de la sociedad demandante, sino que creemos que la preponderancia de la prueba estaba claramente a favor de dicha sociedad mercantil. El socio gestor de la sociedad demandante, Sr. Luis Irizarri, declaró de modo muy claro que las ventas habían sido al contado.

No apareciendo de los autos que se haya cometido ningún error, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.