Martínez, Demandante y Apelante, *v.* Sucesión Arocena, et al., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Aguadilla en causa sobre otorgamiento de escritura o abono de cantidad por deuda, e indemnización de daños y per-juicios.

No. 1375.—Resuelto en enero 20, 1916.[1]

Demanda Enmendada—Enmiendas a la Demanda—Enmiendas a Moción Pro-pia — Permiso de la Corte — Contestación — Excepciones Previas. — De acuerdo con el artículo 139 del Código de Enjuiciamiento Civil, que en el presente caso se interpreta, un demandante, a moción propia, puede enmendar su demanda antes de presentada la contestación o excepciones previas y aun después de formuladas éstas, pero no después de dictada resolución sobre dichas excepciones, pues una vez sometida una cuestión de ley, el demandante no puede enmendar su demanda a menos que lo haga con permiso de la corte, el que casi invariablemente se concede, después de declarada con lugar una excepción previa.

Id.—Enmiendas a la Demanda sin Permiso de la Corte—Documento Inexis-tente.—Si un demandante enmienda su demanda a moción propia ·cuando el permiso de la corte es necesario, tal demanda enmendada no tiene existencia legal como alegación y la corte tiene derecho a no considerarla como un docu-mento de los autos.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de la apelada: *Sr. Simón Largé.*

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

En febrero 17 de 1914, Víctor P. Martínez y González presentó una demanda en la Corte de Distrito de Aguadilla. Los demandados formularon excepciones previas que fueron

---

[1] En 28 de enero, 1916, denegada reconsideración.

declaradas con lugar y en 4 de mayo, 1914, el demandante radicó una demanda enmendada. Después de esto el demandante, con permiso de la corte, presentó de nuevo una segunda demanda enmendada en junio 30, 1914. Los demandados contestaron la segunda demanda enmendada que fué archivada en la oficina del secretario en julio 9, 1914.

Deducimos de los autos que, estando entablada la controversia entre las partes, el caso fué señalado en el calendario para juicio. En junio 1, 1915, la corte de distrito dictó una resolución en la que exponía que, habiendo el demandante presentado una moción interesando la suspensión del caso por no haber sido notificado del señalamiento, debía transferirse la vista para el día 8 de junio, 1915. De esta resolución transfiriendo el caso, aparece de los autos que el demandante fué debidamente notificado, puesto que en junio 4, 1915, escribió éste una carta al secretario de la corte de distrito solicitando otra suspensión del juicio debido a la demanda enmendada que se acompañó a la comunicación. El secretario archivó debidamente la demanda enmendada. El día señalado para el juicio los demandados por conducto de su abogado comparecieron ante la corte y pidieron a la corte que fuera eliminada la demanda enmendada y se dictara sentencia. La corte accedió a ambas peticiones y el demandante interpuso apelación.

La cuestión principal envuelta en esta apelación estriba en la interpretación del artículo 139 del Código de Enjuiciamiento Civil. Este artículo en el texto castellano dice lo siguiente:

"Cualquier alegación podrá enmendarse una vez por la parte que la haya presentado sin costas, en cualquier tiempo antes de presentarse la contestación o excepciones previas, o después de éstas y antes de juzgarse la cuestión de derecho planteada por la alegación que ha de enmendarse, etc. etc."

Un examen descuidado de este artículo del código, según está redactado en castellano, podría inducir a una parte a

creer que tenía derecho a enmendar por su propia moción después de formulada la contestación, debido a la referencia algo ambigua a la palabra *éstas,* que podría considerarse como aplicable tanto a las palabras *contestación* como a las *excepciones previas.* Sin embargo, gramaticalmente, la palabra *éstas* se refiere estrictamente a las *excepciones previas,* y esa interpretación también sería la única natural y lógica. Una parte puede enmendar su demanda antes de la contestación o excepciones previas. También puede enmendar su demanda después de formuladas las excepciones previas, pero no después de dictada resolución sobre dichas excepciones. Hasta que la cuestión no haya quedado sometida a la corte el demandante tiene dominio sobre su alegación. Después que una cuestión de ley ha sido sometida a la corte, la enmienda debe hacerse con permiso de la corte, la que casi invariablemente se concede después de declarada con lugar una excepción previa. Pero cualquier duda que exista desaparece al examinar el texto inglés, el cual es como sigue:

*"Any pleading may be amended once by the party of course, and without costs, at any time before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing, etc."*

No puede, por tanto, haber discusión alguna de que ningún demandante tiene derecho a presentar una demanda enmendada sin permiso de la corte una vez que la corte ha resuelto sobre la excepción previa. El demandante en este caso aparentemente creyó que después que había radicado dos demandas enmendadas con permiso de la corte al ser declaradas con lugar las excepciones previas, no había agotado su derecho a enmendar la demanda "por su propia moción." El texto del artículo 139 excluye esta proposición.

El demandante entonces, no teniendo derecho a enmendar su demanda, la última demanda enmendada que fué enviada al secretario era tanto como un papel sin valor alguno; no tenía existencia legal como alegación y la corte tenía dere-

cho a considerarla como un documento inexistente. Los demandados creyeron conveniente pedir su eliminación de los autos, y si el demandante hubiera considerado oportuno estar presente el día señalado para el juicio la corte le podría haber concedido algún remedio. Sin embargo, aunque fué notificado de dicho juicio, no compareció a la vista. El apelante alegó que la corte no tenía derecho a señalar el caso para el día 8 de junio a iniciativa propia después de conceder la moción del demandante relativa a la suspensión. Nos inclinamos a creer que la corte tiene tal derecho, pero en este caso aparece además, que el mismo demandante solicitó la suspensión de la vista después de haber sido señalado el caso para juicio, estando o no en debido orden dicho señalamiento. La corte estuvo enteramente justificada en hacer caso omiso de la demanda enmendada y dictar sentencia a favor de los demandados. El demandante todavía pudo haber solicitado ser eximido de los efectos de la sentencia, aunque no queremos decir que la corte debió haber concedido tal remedio después de haber sido presentadas ya por el demandante una demanda original y dos demandas enmendadas.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.