JOAQUÍN FERNÁNDEZ VELÁZQUEZ, demandante y apelado, *v.* PEDRO ORCASITAS MUÑOZ, demandado y apelante.

Núm. 7008.—*Sometido:* Abril 23, 1936. *Resuelto:* Abril 15, 1937.

*González Fagundo & González, Jr.*, abogados del apelante; *R. Cintrón Lastra*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El demandado apeló para ante la corte de distrito de una sentencia dictada a instancias suyas por una corte municipal luego de haber declarado sin lugar una excepción previa de falta de hechos para determinar una causa de acción. El juez de distrito también desestimó la excepción previa. El demandado solicitó permiso para presentar una contestación. Se le denegó. Entonces de conformidad con los artículos 139 y 140 del Código de Enjuiciamiento Civil solicitó permiso para contestar. La corte de distrito desestimó esta moción y dictó sentencia a favor del demandante.

El juicio que se celebra en la corte de distrito cuando se apela de una corte municipal es *de novo*. Nos inclinamos a convenir con el apelante en que él no perdió el derecho a contestar al solicitar la sentencia sobre las alegaciones en la corte municipal. La corte de distrito debió haber procedido al igual que lo hubiera hecho en un recurso debidamente iniciado ante ella. *Carreras v. Corte*, 48 D.P.R. 972; *González v. Malgor, Luiña & Co.*, 29 D.P.R. 105; *Matos Hnos. & Co. v. Ortiz*, 19 D.P.R. 77, 79; *Fradera v. Morales*, 19 D. P.R. 1122; *Gelabert Hnos. v. Córdova*, 17 D.P.R. 1200; *Hernández v. Corte*, 17 D.P.R. 454.

La cuestión a resolver es si la negativa de permitir que se radique una contestación al solicitarse oportunamente

luego de declararse sin lugar una excepción previa es un error que da lugar a la revocación. La concesión o negativa de tal solicitud es cuestión que descansa en gran parte en la discreción de la corte sentenciadora. La regla es que debe concederse permiso para contestar en los términos que la corte considera justos a menos que se desprenda que la excepción era claramente frívola. *Morales* v. *Iglesias Silva,* 49 D.P.R. 235. Esto nos lleva a la cuestión de si en el presente caso la excepción previa era claramente frívola.

El recurso fué interpuesto para establecer el derecho de hogar seguro. La propiedad había sido anunciada para la subasta en un procedimiento ejecutivo sumario, mas no se había vendido aún. La teoría de la excepción fué que el recurso era prematuro. El caso de *Veve* v. *Keith,* 49 D.P.R. 185, no había sido aún resuelto al momento que se dictó la resolución en el presente caso. Podría admitirse que tanto la corte municipal como la de distrito estuvieron en lo cierto al desestimar la excepción previa. De ello no se deduce que la excepción fuera frívola. Aparentemente fué interpuesta de buena fe y no meramente como un recurso dilatorio. Nuestra conclusión es que al demandado debió habérsele permitido radicar su contestación.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*