MARÍA TURIANA, conocida por MARÍA FLUMIANA BUSQUETS, demandante y apelante, *v.* SIXTO NIETO, demandado y apelado.

Núm. 8121.—*Sometido:* Diciembre 4, 1940. *Resuelto:* Enero 15, 1941.

*Carlos D. Vázquez,* abogado de la apelante; *M. Figueroa del Rosario* y *G. López de Victoria,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos esenciales de este caso, cronológicamente expuestos, son como sigue:

En junio 5 de 1927, el Municipio de Añasco cedió a Ramón González el usufructo de un solar de 270.55 metros cuadrados, radicado en la esquina de las calles "Barceló" y "Caridad" de dicho pueblo. En la escritura de cesión, el cesionario González hizo constar que en dicho solar había construída una casa de concreto, terrera y techada de zinc; y por virtud de tal declaración, la edificación fué inscrita a su nombre en el Registro de Mayagüez, en agosto 7 de 1928, al folio 170 del Tomo 38 de Añasco, finca núm. 1636, inscripción 1ª. En junio 11 de 1927, González vendió la referida casa a Gabriel Palerm por $3,500 valor recibido. En febrero 20, 1931, los esposos Palerm la vendieron a Juan Lladó y éste y su esposa la trasmitieron en diciembre 17, 1931, a Sixto Nieto González, por precio de $800, de los cuales pagó el comprador $200 de contado, aplazando el pago de los $600 restantes, los que garantizó con hipoteca sobre la misma casa. La hipoteca así constituída por Sixto Nieto a favor de Lladó fué cedida por éste y su esposa, en

la misma fecha de su constitución, a Damián Busquets Pastor. A la muerte de éste, el crédito hipotecario pasó a ser propiedad de su hija, la demandante y apelante en el presente recurso. Sixto Nieto, el demandado, pagó a la demandante los dos primeros plazos del crédito hipotecario, de $100 cada uno, y se negó a pagar los plazos restantes, ascendentes a $400, más $70 de intereses vencidos. Para recobrar dichas sumas, más la de $100 convenida para costas, gastos y honorarios, María Turiana Busquets radicó demanda ante la Corte de Distrito de Mayagüez.

En *enero 7 de 1928,* el Municipio de Añasco cedió al mismo Ramón González el usufructo de un solar de 3,763 pies cuadrados, situado en la calle "Barceló," de Añasco. En la escritura de cesión González declaró haber construído en dicho solar una casa de concreto, cubierta de zinc, dedicada a almacén, con un valor de $1,500, inscribiéndose dicha escritura en el Registro de Mayagüez el 15 de febrero de 1928, al folio 244, Tomo 37 de Añasco, finca núm. 1621, inscripción 1ª. El 20 del mismo mes y año, González hipotecó la casa así inscrita a José B. Pérez González, inscribiéndose dicha hipoteca el día 23 de febrero de 1928, al folio 244, del Tomo 37 de Añasco, finca núm. 1621, inscripción 2ª. En octubre 12, 1929, Pérez y su esposa cedieron el crédito hipotecario a Miguel Angel García Méndez. Éste ejecutó la hipoteca, y celebrada la subasta, la finca hipotecada fué adjudicada al acreedor ejecutante e inscrita a su favor, pasando más tarde a ser propiedad de José N. Nieto, hermano y apoderado del demandado y actual poseedor del inmueble.

Contestó el demandado negando en general los hechos esenciales de la demanda; y posteriormente, sin permiso de la corte, radicó una contestación enmendada en la que alegó que al ser requerido por García Méndez, cuando éste ejecutó la hipoteca, el demandado notificó a la demandante que él no estaba dispuesto a continuar pagando los plazos pendientes, por haber resultado que la casa que le vendió Lladó es la misma que fué ejecutada por García Méndez, motivo por

el cual el demandado se vió obligado a entregar la casa a García Méndez, quien posteriormente la vendió y entregó a José M. Nieto; y, además, que el demandado requirió a la demandante para que le devolviese los $200 que por error le había pagado. Y por vía de reconvención el demandado pidió que se condenase a la demandante al pago de la suma de $200, intereses y costas.

Visto el caso ante la Corte de Distrito de Mayagüez, dictó ésta sentencia declarando sin lugar la demanda, sin especial condena de costas, y la demandante apeló, basando su recurso en siete señalamientos de error, los cuales discutiremos brevemente.

El primer señalamiento se refiere a la negativa de la corte inferior a eliminar de los autos la contestación enmendada y la evidencia ofrecida por el demandado para sostener las alegadas defensas especiales.

La contestación original fué radicada en mayo 8, 1938, y contenía una negación general de los hechos esenciales. En octubre 11, 1938, ocho días antes del señalado para la vista del caso, el demandado radicó, sin previo permiso de la corte, una contestación enmendada interponiendo las defensas especiales a las que ya hemos hecho referencia. La demandante fué notificada con copia en la misma fecha. En el acto del juicio, después de haber sido practicada la prueba testifical y documental de la demandante, el abogado de ésta solicitó la eliminación de la contestación enmendada, siendo denegada la moción. Y posteriormente se opuso a la admisión de toda la evidencia ofrecida por el demandado para sostener las defensas especiales, tomando las correspondientes excepciones.

A nuestro juicio la corte inferior erró al denegar la eliminación de la contestación enmendada, radicada sin su consentimiento.

El artículo 139 del Código de Enjuiciamiento Civil, en cuanto es pertinente, dispone:

"Artículo 139.—Cualquier alegación podrá enmendarse una vez por la parte que la haya presentado sin costas, en cualquier tiempo antes de presentarse la contestación o excepciones previas, o después de éstas y antes de juzgarse la cuestión de derecho planteada por la alegación que ha de enmendarse, lo cual se hará presentando la enmendada y entregando copia de la misma a la parte contraria, quien tendrá diez días contados desde la entrega para contestar o formular excepción previa contra la alegación enmendada . . ."

Interpretando el artículo 472 del Código de Enjuiciamiento Civil de California, equivalente al 139 del nuestro, supra, la Corte Suprema de dicho estado resolvió, en circunstancias idénticas a las del caso de autos, que el demandado no tiene un derecho absoluto a radicar una contestación enmendada después de la expiración del término que el mismo código concede al demandante para excepcionar la contestación.

El primer caso en que se planteó esta misma cuestión fué el de *Tingley* v. *Times Mirror Co.*, 151 Cal. 1. La contestación original en dicho caso fué radicada en marzo 29, 1902. El demandante no radicó excepción previa contra dicha contestación. El caso fué señalado para ser visto el día 16 de diciembre de 1902. El día antes de la vista el demandado, sin permiso de la corte, radicó una contestación enmendada con notificación al demandante. En el acto de la vista el demandante solicitó la eliminación de la contestación enmendada por haber sido radicada sin el permiso de la corte o autorización legal y porque alteraba los *"issues"* ya establecidos, introduciendo nuevas defensas. La corte ordenó la eliminación solicitada, el demandado tomó excepción, y en su apelación contra la sentencia que le fué adversa señaló como error de la corte inferior el haber eliminado la contestación enmendada. Al confirmar la sentencia la Corte Suprema se expresó así:

"El punto preciso levantado por el apelante no ha sido resuelto anteriormente por esta corte, y en nada nos ha ayudado la consideración de las autoridades citadas por el apelante de otras jurisdicciones, porque, según hemos visto por su lectura, dichas autoridades

tratan de disposiciones estatutarias referentes a enmiendas, las cuales conceden un derecho absoluto a enmendar, por lenguaje expreso, en cualquier tiempo, o disponen que una enmienda puede hacerse en cualquier momento antes del juicio. Empero, de acuerdo con la más liberal interpretación de nuestra disposición estatutaria tal derecho no ha sido conferido. Se ha insistido por parte del apelado en que de acuerdo con la sección (472 C.C.P.) el único derecho conferido es el de enmendar la demanda antes de que contra ella se radique una contestación o excepción previa, o mientras la cuestión levantada por la excepción previa no haya sido resuelta. El propósito obvio de la sección, sin embargo, se opone a una interpretación tan estricta, aun cuando el lenguaje usado pudiera justificarla. La disposición tiene por objeto ayudar y proteger el derecho de las partes litigantes a enmendar todas las alegaciones con el fin de presentar en el acto de la vista los verdaderos méritos de la controversia, tanto de la reclamación como de la defensa, y para ese propósito debería ser liberalmente interpretada. Sería eminentemente injusto, excepto en el caso de que ninguna otra conclusión estuviere justificada, sostener que el propósito de la sección fué el de conferir al demandante el derecho a enmendar sus alegaciones y negarle ese derecho al demandado. Pero, aun cuando la sección debe ser interpretada liberalmente en el sentido de que confiere por igual a ambas partes litigantes el derecho a enmendar todas sus alegaciones, sus términos no deben ser ensanchados por tal interpretación para conferir mayores derechos a una parte, sobre ese particular, que los que son conferidos a la otra, o para imponer un gravamen a una u otra parte, o para obstaculizar el progreso del juicio después de haberse establecido las cuestiones de hecho. Este derecho a enmendar, aun cuando se refiere a las alegaciones de ambas partes, tiene sus limitaciones en cuanto al tiempo dentro del cual cada una de ellas debe ejercitarlo de acuerdo con la sección, y ese término no se extiende a favor del demandado más allá del momento en que queden trabadas las cuestiones de hecho en el caso.

"Alega el apelante que él tenía el derecho de enmendar en cualquier momento antes del juicio, porque el demandante no excepcionó la contestación. Su posición es que los términos de la sección que disponen que 'cualquier alegación' puede enmendarse en cualquier tiempo 'antes de presentarse la contestación o excepciones previas,' deben ser interpretados en el sentido de prorrogar el término para la presentación de una contestación enmendada hasta el momento de la vista, a menos que el demandante excepcione la contestación original

y dicha excepción haya sido resuelta. Bajo esta teoría del apelante el derecho del demandado para enmendar es limitado, o extendido, según el demandante resuelva excepcionar o no excepcionar; y no obstante ser la contestación inatacable, el demandante estaría obligado a presentar una excepción previa frívola y conseguir que la misma fuese resuelta, para impedir que el demandado la enmendase. Ciertamente, la asamblea legislativa nunca tuvo en mente tal acto innecesario. Al disponer que una alegación puede ser enmendada 'antes de presentarse excepciones previas,' se tuvo la intención de conceder el derecho a enmendar, dentro del término legal que la parte adversa tenía para presentar excepciones previas, sin esperar a que el defecto existente en la alegación le fuese señalado mediante excepción previa, o sin correr el riesgo de que su adversario no excepcionase y le impidiese así enmendar como cuestión de derecho absoluto, de acuerdo con la sección. No fué la intención conferir un derecho especial al demandado para enmendar porque el demandante no había realizado la inútil ceremonia de excepcionar una contestación aparentemente buena y suficiente. La interpretación que, a nuestro juicio, debe darse a la sección y que se recomienda a sí misma como razonable y consistente, es que el derecho del demandante a enmendar su demanda sin permiso de la corte se extiende solamente hasta el momento en que se presente la contestación del demandado, o si el demandado presentase una excepción previa, entonces solamente mientras la cuestión legal presentada por dicha excepción esté pendiente de resolución. Si el demandado contesta sin excepcionar, o si su excepción previa a la demanda es desestimada, el derecho del demandante para enmendar de acuerdo con la sección y sin permiso de la corte deja de existir. El derecho del demandado para enmendar puede ejercitarse solamente durante el tiempo que una excepción previa a la contestación, si fuese interpuesta por el demandante, esté sin resolver, o en el caso de que el demandante no presentase excepciones previas, entonces el demandado queda impedido para enmendar sin permiso de la corte por haber expirado el término dentro del cual dicha excepción previa pudo ser presentada. Cuando la excepción previa del demandante a la contestación es desestimada, o el término dentro del cual el demandante pudo excepcionar la contestación ha expirado, las cuestiones de hecho quedan plenamente trabadas y el derecho que la sección concede al demandado para enmendar sin permiso de la corte deja de existir.

''Creemos que ésta es la interpretación razonable que debe darse a la sección. De acuerdo con esta interpretación, se conceden iguales

derechos para enmendar a ambas partes; cada una de ellas tiene derecho a enmendar mientras la cuestión de derecho levantada por la excepción previa a su alegación esté pendiente de resolución. Cuando no se ha interpuesto una excepción previa, el derecho del demandante para enmendar termina con la presentación de la contestación del demandado, y el derecho del demandado termina al expirar el plazo dentro del cual el demandante pudo haber formulado excepción previa contra la contestación . . .

"Esta interpretación es por igual justa y razonable para todas las partes y no causa ni el perjuicio ni la desventaja que de otro modo podrían resultar si se sostuviese la contención del apelante de que él tenía un derecho absoluto a enmendar su contestación en cualquier momento antes del juicio. Si esto fuese cierto, entonces con la presentación de su contestación enmendada en la mañana del juicio, después de haber estado el caso listo durante meses, y cuando el demandante estaba listo para entrar a juicio y dispuesto a presentar sus testigos, el demandado podría obligar al demandante a entrar a juicio con nuevas cuestiones para las cuales no estaba preparado o a solicitar la suspensión de la vista, posiblemente a un gran costo. No se podría conceder remedio alguno al demandante por los gastos incurridos por él bajo tales circunstancias; no podría imponerse condición alguna al demandado, aun cuando la presentación de su contestación enmendada diese lugar a la suspensión de la vista, porque si, como alega el apelante, él tenía el derecho absoluto de presentar su contestación enmendada en ese momento, él tenía derecho a hacerlo así, no importa lo duro que pudiera resultar para su adversario; y siendo su derecho absoluto, la corte no podría imponer términos o condiciones para su ejercicio. Nunca hubo la intención de que el derecho del demandado a enmendar fuese extendido hasta el punto de hacer posible tales resultados . . . Ésta es no solamente una interpretación justa y razonable, sino también una que no resulta dura para nadie, porque, aun después de quedar trabada la contienda, la corte ante la cual ha de verse el caso está autorizada por la sección 473 del Código de Procedimiento Civil para permitir enmiendas a las alegaciones en bien de la justicia."

La regla sentada en *Tingley* v. *Times Mirror, Co.,* supra, fué nuevamente confirmada y aplicada en el caso de *Manha* v. *Union Fertilizer Co.,* 151 Cal. 581, en el cual la contestación enmendada fué radicada diez días antes de la vista del

caso, sin permiso de la corte, y eliminada de los autos a moción del demandante formulada en el acto del juicio. Véanse también *Segerstrom* v. *Scott,* 16 Cal. App. 259, 116 P. 690; *Farmer's & Mechanics' Bank* v. *Gallaher Inv. Co.,* 43 Idaho 496, 253 P. 383, y *Meredith* v. *Bitter Root Valley Irr. Co.,* 141 P. 643.

El artículo 116 de nuestro Código de Enjuiciamiento Civil concede al demandante un término igual al concedido al demandado para contestar, para interponer excepciones previas a la contestación del demandado. La contestación original del demandado en el caso de autos fué radicada el día 2 de mayo de 1938. El término durante el cual el demandante pudo formular y no formuló excepciones previas a la contestación original expiró el día 22 de mayo de 1938; y, de acuerdo con la jurisprudencia que hemos citado, en esa misma fecha expiró el derecho que el artículo 139 del Código de Enjuiciamiento Civil concedió al demandado para enmendar su contestación una vez sin tener que solicitar para ello el permiso de la corte.

La contestación enmendada, radicada en octubre 11 de 1938, fuera de término y sin obtener permiso de la corte, carece de existencia legal como alegación y procede decretar su eliminación de los autos. *Martínez* v. *Sucn. Arocena,* 23 D.P.R. 371; *Puerto Rico Railway, Light & Power Co.* v. *Campillo,* 28 D.P.R. 987; *Staton* v. *Virginian Ry. Co.,* 195 S. E. 601; *Paramount Publix Corporation* v. *Boucher,* 93 Mont. 340, 19 P. (2d) 223; *Reinhardt* v. *Security Ins. Co.,* 4 N. E. (2d) 883.

El demandado en este caso, ni solicitó permiso para enmendar su contestación antes de radicarla, como estaba obligado a hacerlo, ni apeló en el acto del juicio a la discreción que el artículo 140 del Código de Enjuiciamiento Civil concede a la corte, para que en bien de la justicia y en los términos que considere adecuados, permita a una de las partes enmendar cualquier alegación o procedimiento. Insistió el demandado en su supuesto derecho absoluto a

enmendar su contestación en cualquier momento antes de la vista del caso, indujo a la corte a aceptar su errónea interpretación del estatuto, y no puede ahora quejarse de las consecuencias de su propio acto.

No nos convence la argumentación del apelado para tratar de destruir el peso de la jurisprudencia de California que hemos citado. El hecho de que las decisiones en *Tingley* v. *Times Mirror* y *Manha* v. *Fertilizer Co.*, supra, fuesen dictadas hace aproximadamente cuarenta años no debilita en modo alguno las razones y fundamentos que les sirvieron de base. Prueba de ello es el que a pesar del tiempo transcurrido esas decisiones continúan en pie, marcando las normas a seguir en la tramitación de los litigios. La buena jurisprudencia, como el buen vino, es tanto mejor mientras más añeja, y su aroma y su espíritu mejoran con los años.

■ Si, como hemos resuelto, fué error de la corte inferior el negarse a eliminar de los autos la contestación enmendada, también lo fué necesariamente la admisión de toda la evidencia ofrecida con el propósito de sostener las defensas especiales interpuestas por el demandado. Eliminada, como debió serlo, la contestación enmendada, el caso debió haberse visto con la demanda y la contestación original como únicas alegaciones. Y la única evidencia admisible era aquella que tendía a establecer o a negar los hechos esenciales alegados en la demanda.

■ La demanda en este caso alegó la constitución de la hipoteca a favor de Lladó; la cesión del crédito hipotecario hecha por Lladó al causante de la demandante; la adquisición de dicho crédito por la demandante al óbito de su padre; la falta de pago de los últimos tres plazos y de sus intereses; y la negativa del demandado a hacerlos efectivos. La contestación original negó todos dichos hechos. La contestación enmendada también los negó, pero los admitió al interponer las defensas especiales. La prueba de la demandante es ampliamente suficiente para sostener todos los hechos esenciales de su demanda. La del demandado, erró-

neamente admitida por la corte inferior, no controvierte en manera alguna dichos hechos, por el contrario los admite, y trata de evitar su efecto estableciendo defensas especiales que no fueron alegadas oportunamente. Véanse: *Piercy* v. *Sabin,* 10 Cal. 22; *Hawkings* v. *Borland,* 14 Cal. 413; *Coles* v. *Soulsby,* 21 Cal. 47; *Michalitschke* v. *Wells, Fargo & Co.,* 118 Cal. 683, 50 P. 847.

Siendo todos los demás alegados errores consecuencia de la comisión del primero, creemos innecesario considerarlos.

Por las razones expuestas, *debe revocarse la sentencia recurrida y en su lugar dictarse otra condenando al demandado Sixto Nieto a pagar a la demandante María Turiana, conocida por María Flumiana Busquets, la suma de $570 reclamada en la demanda, con intereses sobre la suma de $400, importe de los plazos no satisfechos, al tipo estipulado de 10 por ciento anual, desde el 31 de enero de 1938, fecha de la interposición de la demanda, hasta su pago definitivo.*