ALICIA SANTANA, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, P. R., HON. MARCELINO ROMANY, JUEZ, demandada.

Núm. 1243.—*Sometido:* Abril 21, 1941. *Resuelto:* Abril 28, 1941.

*Benigno Dávila Rodríguez,* abogado de la peticionaria; *L. Vergne Ortiz,* abogado del interventor, demandante en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Bernabé Sánchez Martínez demandó a Alicia Santana en la Corte Municipal de San Juan en cobro de un documento que dice así:

"*Notas aclaratorias sobre pago contribuciones.*—Por la presente hago constar que la venta verificada de la casa Núm. 165, propiedad de la Sra. Belén Vela de Trigo a la señorita A. Santana fué por la cantidad de $2,500 los cuales entregó dicha compradora en la siguiente forma.—$2,000 en un *check* certificado y el restante o sea $500 en efectivo, dejando en su poder de dichos quinientos dólares la suma de $173.71 para responder a las contribuciones que tiene vencidas según nota de la Colecturía de Rentas Internas, quedando aclarado que una vez sea firmada la ley por el Gobernador de condonación, dicha suma le será devuelta al Sr. Bernabé Sánchez Martínez, que es a quien le corresponde por orden del apoderado de la Sra. Vela, Sr. L. C. Trigo.—Mayo 27, 1939.—Firmado: Alicia Santana."

Alegó que el Gobernador firmó la ley condonando las contribuciones atrasadas y que la demandada se ha negado a pagarle los $173.71 especificados en el documento.

La demandada excepcionó la demanda por falta de hechos y declarada sin lugar la contestó negando los hechos de la misma y como defensa especial alegó que había pagado $89.13 de contribuciones al gobierno sobre la casa.

Celebrado el juicio en la corte municipal se dictó sentencia declarando con lugar la demanda y la demandada apeló a la Corte de Distrito de San Juan en la que radicó una nueva excepción previa contra la demanda alegando que la corte no tenía jurisdicción, que la demandante no tenía capacidad para demandar y que la demanda no aducía hechos suficientes para determinar una causa de acción. Sin haberse visto ni resuelto la excepción previa, radicó la demandada una contestación enmendada complementaria y una contrademanda.

En la contestación, como defensas especiales, alegó, entre otras, que el documento copiado en la demanda fué dejado sin efecto el mismo día de su otorgamiento el 27 de mayo de 1939 por la tarde, cuando se otorgó escritura de compraventa de la casa ante el Notario Benigno Dávila Rodríguez; que dicho documento estuvo mal redactado y no expresaba lo realmente convenido entre las partes; que el demandante estuvo conforme con lo acordado con posterioridad al otorgamiento del documento objeto de su reclamación; que el demandante ha establecido una reclamación basada en un documento erróneo y doloso que nó se ajusta a lo convenido. En su contrademanda la demandada reproduce los hechos alegados en las defensas especiales y reclamó además del demandante el pago del agua que adeudaba la casa y el importe de unas rejas y *closets* que la demandada tuvo que pagar.

Celebrado el juicio de nuevo en la corte de distrito el 8 de enero de 1940, un año y un mes después, o sea el 7 de febrero de 1941 dictó sentencia el juez que intervino, Sr. Romany, declarando con lugar la demanda y sin lugar la contrademanda, con costas. No siendo apelable por la cuantía dicha sentencia, la demandada radicó una petición de

*certiorari* ante este tribunal alegando que la corte inferior había incurrido en varios errores de procedimiento, a saber: al declarar sin lugar la excepción previa presentada por la demandada; al resolver que la contrademanda fué presentada fuera de tiempo y cuando la demandada no tenía derecho a enmendar su contestación sin permiso de la corte; al no resolver todas las cuestiones de hecho y de derecho planteadas y, al imponerle las costas a la demandada.

■ En cuanto al primer señalamiento, este tribunal ha resuelto repetidamente que la resolución de excepciones previas en un sentido o en otro no puede alegarse como error de procedimiento revisable por certiorari. *Rodríguez* v. *Sepúlveda,* 19 D.P.R. 1169; *Hull* v. *Corte,* 42 D.P.R. 151, 153; *Delgado* v. *Corte,* 52 D.P.R. 961 y *Smallwood* v. *Corte,* 53 D.P.R. 742, 744.

■■ En cuanto a la admisión de la contrademanda lo que resolvió la corte inferior, según aparece de la relación de hechos y opinión, fué lo siguiente:

"En cuanto a la contrademanda, sería suficiente con decir que ella fué presentada fuera de tiempo, y cuando la demandada no tenía derecho a enmendar, como cuestión de derecho, sino a virtud de permiso de la corte. Este es un caso apelado de la corte municipal. En el tribunal inferior la demandada simplemente se contentó con radicar una contestación. Fué en la corte de distrito, cuando el caso hacía más de un mes que estaba radicado, que sin autorización de esta corte, radicó una contestación enmendada que incluía una contrademanda. Ello no podía hacerlo de acuerdo con el Artículo 139 del Código de Enjuiciamiento Civil, equivalente al 472 de California, y según este último fué interpretado en *Tingley* v. *Times Mirror Co.,* 151 Cal 1; esto es, que el derecho de un demandado a enmendar sin permiso de la corte se extingue al expirar los diez días que concede la ley al demandante para excepcionar la contestación; ellos habían transcurrido con exceso al radicarse la contestación enmendada, por lo que este Tribunal, de acuerdo con *Martínez* v. *Sucn. Arocena et al.,* 23 D.P.R. 371, *tendría* derecho a no considerarla como un documento de los autos. Sin embargo, aun resolviéndola en sus méritos, tendría que declararse sin lugar.

"Dándole entero crédito a la prueba de la demandada, el demandante se comprometió a transmitirle la casa libre de cargas o gravámenes, e indiscutiblemente no lo constituyen las rejas y el closet construído por·el arrendatario Barredo. En ausencia de pacto especial en contrario y en este caso no se probó ninguno, de acuerdo con el artículo 1463 del Código Civil en relación con el 416 del mismo cuerpo legal, el arrendatario no tiene derecho alguno a indemnización por las mejoras útiles o de recreo que hiciere en la finca arrendada; a todo lo que puede aspirar es retirarlas si fuere posible hacerlo, sin detrimento de los bienes.

"Tampoco constituye una carga o gravamen sobre la finca la deuda por agua. La compradora no estaba obligada a pagarla. *Frese* v. *Comisión de Servicio Público,* 55 D.P.R. 222; *Suau* v. *Capital de Puerto Rico,* 50 D.P.R. 768.

"Sin lugar la contrademanda." (Itálicas nuestras.)

De manera que si bien el Juez Sr. Romany, de acuerdo con lo resuelto en el caso de *Martínez* v. *Sucn. Arocena,* supra, dijo que *tendría* derecho a no considerar la contestación enmendada, de hecho la consideró pues entró en la apreciación de la prueba presentada por la demandada y en definitiva declaró sin lugar la contrademanda. El alegado error de procedimiento no fué cometido, además, porque en la apelación de una sentencia dictada por la corte municipal a la de distrito si bien se celebra un juicio *de novo,* las alegaciones sólo pueden enmendarse con permiso de la corte, según lo dispone la sección 3(a) de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, tal y como quedó enmendada por la Ley núm. 31 aprobada el 11 de mayo de 1934 (Leyes de 1934, pág. 293), que, en lo pertinente dice así:

"Sección 3(a).—El secretario de la corte de distrito anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso. Al anunciarse la vista de la apelación, el tribunal, a instancia del apelante, revisará y tomará en consideración cualquiera providencia, resolución, auto u orden por los cuales se creyere éste per-

judicado. Resueltas estas cuestiones *se procederá a la vista de la causa tal como resulte de las alegaciones, a no ser que en virtud de excepción previa, permitiese el juez que fueren enmendadas la demanda o la contestación.* Dispuesto así el pleito para la vista, *se tramitará como nuevo juicio,* rigiendo para el mismo todas las disposiciones y reglamentos judiciales aplicables a la vista de pleitos originalmente iniciados en la corte de distrito. . . .'' (Itálicas nuestras.)

En el caso de *Gelabert Hnos.* v. *Córdova,* 17 D.P.R. 1200, aun cuando la cuestión envuelta era si podía desestimarse por la corte de distrito una apelación procedente de la corte municipal por la incomparecencia del apelante, después de citarse la sección 3, supra, tal y como regía originalmente y que en cuanto a la facultad de enmendar disponía substancialmente lo mismo que ahora, se dijo lo siguiente:

''Como se ve, la ley exige la comparecencia del apelante, sea éste demandante o demandado, para revisar y tomar en consideración a su instancia, cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado, y una vez resueltas tales cuestiones *o después de enmendada la demanda o la contestación, cuando así se permitiere,* debe tramitarse el pleito apelado como nuevo juicio.'' (Itálicas nuestras.)

En el caso de *Fernández* v. *Orcasitas,* 51 D.P.R. 304, se citó el de *Gelabert Hnos.,* supra, entre otros y se resolvió:

''El demandado apeló para ante la corte de distrito de una sentencia dictada a instancias suyas por una corte municipal luego de haber declarado sin lugar una excepción previa de falta de hechos para determinar una causa de acción. El juez de distrito también desestimó la excepción previa. *El demandado solicitó permiso para presentar una contestación. Se le denegó.* Entonces de conformidad con los artículos 139 y 140 del Código de Enjuiciamiento Civil solicitó permiso para contestar. La corte de distrito desestimó esta moción y dictó sentencia a favor del demandante.

''El juicio que se celebra en la corte de distrito cuando se apela de una corte municipal es de novo. Nos inclinamos a convenir con el apelante en que él no perdió el derecho a contestar al solicitar la sentencia sobre las alegaciones en la corte municipal. La corte de distrito debió haber procedido al igual que lo hubiera hecho en un recurso debidamente iniciado ante ella. *Carreras* v. *Corte,* 48 D.P.R.

972; *González* v. *Malgor, Luiña & Co.,* 29 D.P.R. 105; *Matos Hnos. & Co.* v. *Ortiz,* 19 D.P.R. 77, 79; *Fradera* v. *Morales,* 19 D.P.R. 1122; *Gelabert Hnos.* v. *Córdova,* 17 D.P.R. 1200; *Hernández* v. *Corte,* 17 D.P.R. 454.

"La cuestión a resolver es *si la negativa de permitir que se radique una contestación al solicitarse oportunamente luego de declararse sin lugar una excepción previa es un error que da lugar a la revocación. La concesión o negativa de tal solicitud es cuestión que descansa en gran parte en la discreción de la corte sentenciadora.* La regla es que debe concederse permiso para contestar en los términos que la corte considera justos a menos que se desprenda que la excepción era claramente frívola. *Morales* v. *Iglesias Silva,* 49 D.P.R. 235. Esto nos lleva a la cuestión de si en el presente caso la excepción previa era claramente frívola." (Itálicas nuestras.)

De manera que no hay duda de que, tanto el demandante como el demandado, en un caso que procede en apelación de una corte municipal, pueden enmendar en la corte de distrito antes de celebrarse el juicio de nuevo, sus alegaciones, demanda o contestación, pero es a virtud de permiso concedido por el juez al haberse declarado con lugar una excepción previa a la demanda o a la contestación. De ahí que no sea aplicable al caso de autos lo resuelto en el de *Arocena,* supra, citado por la corte inferior en su opinión, ratificado en el de *Busquets* v. *Nieto,* 57 D.P.R. 835; pero, como hemos dicho antes, el error de procedimiento alegado no se cometió porque la corte inferior, a pesar de su resolución, no dió por eliminadas la contestación enmendada y contrademanda radicadas por la demandada, sino que declaró sin lugar la contrademanda por la apreciación que hizo de la evidencia presentada para sostenerlas.

■■ De más trascendencia es el tercer error señalado que se refiere a no haber la corte inferior resuelto todas las cuestiones de hecho y de derecho que le fueron planteadas pues, como dice la peticionaria, al resolver el caso en su fondo la corte se limitó en su opinión a decir lo siguiente:

"La corte en este caso cree la versión del demandante, esto es, que la demandada, Alicia Santana, retuvo del precio de la venta de la finca

la cantidad de $173.71 para pagar las contribuciones que sobre ella pesaban en el entendido de que si el Gobernador firmaba la ley que las condonaba, ella entonces estaría obligada a devolver dicha suma. Por estas razones, la demanda debe declararse con lugar y dictárse una sentencia a favor del demandante, imponiendo las costas a la parte demandada."

Acepta la peticionaria en su alegato que por medio del recurso de *certiorari* no pueden revisarse los méritos de la prueba presentada durante el juicio, pero especificando las ·cuestiones que la corte inferior debió resolver dice:

"Vea este Hon. Tribunal Supremo que no resuelve todas las cuestiones planteadas, entre ellas: 1. No resuelve si el convenio que existió en el Auxilio Mutuo por la tarde del día 22 de mayo de 1939 al otorgarse el contrato de compraventa y la escritura por la cual se autorizó, substituyó y revocó todo otro convenio anterior, como lo fué el del documento éste de la demanda que se efectuó en el Banco Popular en la mañana del mismo día; y 2. Si la demandada Alicia Santana pagó la suma de $91.96 según aparece de los recibos de contribuciones correspondientes al año 1938–39 y al primer semestre de 1939–40, dicha cantidad debía deducirse de la suma de $173.71 que reclama el demandante, ya que no hubo la condonación total de las contribuciones atrasadas sino de parte de las contribuciones, siendo imposible por consiguiente que la demandada Alicia Santana pudiese devolver el total de las contribuciones en caso de condonación si el Gobernador firmaba dicha ley como así la firmó.

"Estas cuestiones aparecieron claramente planteadas por las alegaciones y las pruebas especialmente por documentos que este Hon. Tribunal puede revisar a los efectos de ver si la corte inferior debía o no resolver estas cuestiones."

Los artículos 188 y 193 del Código de Enjuiciamiento Civil (ed. 1933) disponen lo siguiente:

"Artículo 188.—Una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento."

"Artículo 193.—En todos los casos, fuera de los mencionados en el precedente artículo, deberá dictarse un fallo con arreglo a las resultancias del pleito."

En el caso de *Sucn. Fernández* v. *El Pueblo et al.*, 16 D.P.R. 574, se revocó una sentencia que era apelable a este

tribunal, por no haber la corte inferior hecho pronunciamiento alguno sobre el dominio pretendido y que era el eje cardinal del juicio, y aplicando los artículos 188 y 193 supra, se dijo lo siguiente a la página 581:

"El Código de Enjuiciamiento Civil que actualmente rige está conforme sustancialmente con los preceptos del antiguo, pues en su artículo 188 dice que una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento y en el artículo 193 prescribe que fuera de los casos de desistimiento de una demanda o de abandono de la misma, expresados en el artículo 192, deberá dictarse un fallo con arreglo a las resultancias del pleito.

"La corte inferior en el presente caso *infringió abiertamente los artículos 188 y 193 ya citados del Código de Enjuiciamiento Civil, pues no hizo pronunciamiento alguno sobre el dominio reclamado, y si alguno hizo sobre posesión, fué ambiguo y dudoso.*" (Itálicas nuestras.)

El caso de autos es más fuerte pues la sentencia dictada, por la cuantía envuelta, no es apelable ante este tribunal. Las cuestiones primordiales planteadas por las alegaciones contenidas en la contestación enmendada y en la contrademanda no fueron resueltas por la corte inferior. No hay pronunciamiento alguno en cuanto a si el documento objeto de la reclamación del demandante fué dejado sin efecto por la escritura pública otorgada posteriormente y tampoco si las contribuciones fueron condonadas parcialmente y la demandada tuvo que pagar el remanente. En los autos enviados por la corte inferior consta la prueba documental presentada por la demandada tendente a sostener sus alegaciones. No estamos resolviendo, en forma alguna, que dicha evidencia sea suficiente para probar dichas alegaciones sino que, la corte inferior debió, al no haber eliminado la contestación enmendada y la contrademanda, resolver definitivamente los derechos de las partes, según exige el artículo 188 supra, y especialmente en un caso en que la parte perdidosa no podía ejercitar el recurso de apelación. Si las cuestiones planteadas por la demandada hubieran sido resueltas en su contra por sus méritos, no procedería considerar si se apre-

ciaron o no debidamente en este recurso de *certiorari,* según lo resuelto en el caso de *García Soler* v. *Corte,* 46 D.P.R. 540, pero al no resolverlas en forma alguna, somos de opinión que la corte inferior incurrió en error de procedimiento al infringir los artículos 188 y 193 del Código de Enjuiciamiento Civil, supra.

*Por las razones expuestas, procede anular la sentencia dictada por la corte inferior el día 7 de febrero de 1941 en el caso núm. 32887, de Bernabé Sánchez Martínez v. Alicia Santana, sobre cobro de dinero, y devolverse dicho caso para la celebración de un nuevo juicio.*